IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. JOHN EARL TURNER, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 68239      Ray L. Jenkins, Judge**

---

**No. E2001-01373-CCA-R3-CD   Filed July 12, 2002**

---

The Defendant, John Earl Turner, appeals as of right from the judgment of the trial court, which found him to be in violation of the terms of the probation he was serving for two separate, non-related convictions.  After a hearing, the trial judge ordered the Defendant incarcerated for the balance of the sentences, which were being served consecutively to each other.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Mark Stephens, District Public Defender, and Aubrey L. Davis, Assistant Public Defender, Knoxville, Tennessee, for the appellant, John Earl Turner, Alias.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 25, 1999, upon his pleas of guilty, the Defendant was convicted  in Knox County Criminal Court of one count of robbery and one count of aggravated burglary.  For these convictions, the Defendant received sentences of six years and four years, respectively, with the sentences to be served consecutively to one another, for a total effective sentence of ten years to be served on intensive probation.

A probation violation warrant was issued on September 14, 1999, charging that the Defendant had violated the terms of both sentences of probation by failing to work, failing to pay his fees, failing to observe court-imposed conditions, and failing to properly cooperate with his probation officer.  The Defendant's probation was then revoked, but he was returned to intensive

probation after serving forty-five days in the county jail. On January 25, 2000, a second warrant was issued charging the Defendant with violating his probation by failing to work at a lawful occupation and by using marijuana. On March 16, 2000, the trial court again found the Defendant to be in violation of probation and ordered him to serve weekends in the Knox County Detention Facility until April 21, 2000, after which the Defendant was relieved of the obligation to spend weekends in jail, though the warrant remained in effect. The Defendant's probation was revoked for a third time on September 5, 2000, because the Defendant had failed to appear at a scheduled hearing on the January 25, 2000, warrant. However, upon motion by the Defendant, the trial court reconsidered and placed the Defendant back on probation on September 12, 2000. On November 22, 2000, when the Defendant failed to appear for a hearing, the trial court issued a *capias* for the Defendant's arrest. On January 12, 2001, the Defendant's probation officer filed an amended warrant alleging as additional grounds for revocation that the Defendant had failed to contact the probation office and had absconded from the court.

A hearing on the amended probation revocation warrant was conducted on May 11, 2001. At the conclusion of the hearing, the trial court found that the Defendant was in violation of the conditions of his probation with respect to both sentences. The court also determined that the Defendant should be incarcerated for the balance of his ten-year sentence. It is from this judgment that the Defendant appeals.

The Defendant argues two related issues on this appeal: (1) that the trial court erred by failing to place the reasons for revocation in the record; and (2) that the trial court erred and abused its discretion by basing its decision to revoke the Defendant's probation on allegations that were not supported by the evidence.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

With respect to the Defendant's contention that the trial court erred by not placing its reasons for revoking his probation in the record, we must disagree. The Defendant argues that the trial court committed error by not including the evidence relied upon or the basis for the revocation in its revocation order and points us to the United States Supreme Court case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 656 (1973). In Gagnon, the Supreme Court analyzed the process

that is due a criminal defendant before his or her probation may be revoked. While the Defendant is correct that the trial court did not set forth its reasons for revoking the Defendant's probation in its written order, the trial court did explain the basis for its ruling orally from the bench, and the transcript of the hearing reflects this. We have previously held that a transcript of the trial court's oral findings made during the hearing amounts to substantial compliance with the procedural requirement imposed by Gagnon. See State v. Delp, 614 S.W.2d 395, 397 (Tenn. Crim. App.1980). At the Defendant's revocation hearing, the trial judge's remarks indicated that the Defendant's failure to pass his drug screen had little impact on the trial court's decision to revoke the probation. The trial judge went on to say that "there's no excuse for not reporting and absconding. He cannot be supervised if he's not present." The trial court then ordered the Defendant's probation revoked. While the trial court could have gone into greater detail, it is clear from the record that the trial court revoked the probation based upon the undisputed evidence that the Defendant had failed to report to his probation officer and had absconded from the court.[1] This issue has no merit.

Having determined that the trial court did satisfactorily place its reasons for revoking the Defendant's probation in the record, we now turn to the Defendant's argument that the trial court, in making its decision to revoke the Defendant's probation, relied on allegations that were not supported by the evidence in the record. The Defendant's probation officer testified at the hearing on May 11, 2001, that the Defendant had failed to report to the probation office for a scheduled meeting on October 30, 2000. When the Defendant did report to the probation office two days later, after his officer contacted him and demanded his appearance, he was administered a random drug test. The results of the drug screen indicated the presence of marijuana in the Defendant's system. The probation officer further testified that the Defendant missed a court date on November 22, 2000, and that he had not seen the Defendant until the day of the hearing on May 11, 2001. At that hearing, the Defendant attempted to explain the presence of marijuana in his system by stating that he had not smoked any marijuana, but that he had been hanging around with people who did. However the Defendant conceded that he had failed to report to his probation officer and had absconded. He stated that his reason for violating his probation in this manner was that the trial judge had warned him earlier that any additional violations of his probation, no matter how small, would result in his incarceration.

From our review of the evidence presented at the probation revocation hearing, we conclude that there is ample evidence to support the conclusion that a violation of the conditions of the Defendant's probation had occurred. Although the Defendant attempted to explain the presence of marijuana in his system, he was unable to justify his failure to report to his probation officer or his absconding from the court. The record clearly supports the trial court's findings that the failure to report and the absconding were violations of the terms of the Defendant's probation. The record also

---

[1]While we hold in this instance that the trial judge's explanation from the bench of his reasons for revoking the Defendant's probation is sufficient, it should be noted that such a bare-bones approach is less than ideal. Trial courts should make a conscientious effort to fully and completely set forth findings of fact and a description of the evidence upon which the decision is based when revoking probation.

clearly shows that the trial judge exercised sound judgment in making the decision rather than acting arbitrarily.  This issue has no merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE