IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## STATE OF TENNESSEE v. JASON ALLEN MOBLEY

**Appeal from the Circuit Court for Henry County**
**No. 12908     Julian P. Guinn, Judge**

---

**No. W2001-02022-CCA-MR3-CD - Filed November 15, 2002**

---

The defendant, Jason Allen Mobley, appeals as of right from the Henry County Circuit Court's revoking his eight-year probation. The defendant contends that the trial court erroneously revoked his probation without sufficient proof that he was using drugs. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Victoria L. DiBonaventura, Paris, Tennessee (at trial); Guy T. Wilkinson, District Public Defender; and W. Jeffery Fagan, Assistant District Public Defender (on appeal), for the appellant, Jason Allen Mobley.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pled guilty to possession of cocaine with intent to manufacture, deliver, or sell, a Class B felony, and possession of marijuana with intent to manufacture, deliver, or sell, a Class E felony. Pursuant to his plea agreement, he received concurrent sentences of eight years and two years, respectively, to be served on supervised probation. The defendant began his effective eight-year probationary term on September 28, 1999. On May 3, 2000, a probation violation warrant issued stating that a laboratory analysis of the defendant's urine sample submitted on April 14, 2000, confirmed use of marijuana and hydrocodone.

At the probation revocation hearing, defense counsel stated that the defendant was before the court "because he smoked marijuana and did some other drug." She argued that the defendant was addicted to drugs, was unable to stop using them on his own, and should be placed in long-term drug

treatment instead of incarcerated. The state noted that the defendant had been convicted of other drug related charges and that drug screens revealed that he had continued to use drugs. Defense counsel stated that she could have the defendant testify and that his reason for selling drugs was to get money to support his own drug addiction. The trial court revoked the defendant's probation, finding beyond a reasonable doubt that he used controlled substances while on probation. It ordered the defendant to serve his effective eight-year sentence in the Department of Correction and recommended that the defendant be evaluated for drug use and afforded any necessary treatment.

On appeal, the defendant argues that the trial court erroneously revoked probation without taking appropriate proof regarding his drug screen test results. He notes that no technician testified regarding the laboratory report nor did the state submit an affidavit certifying the results in the report. The state contends that the defendant has waived this issue by failing to challenge the laboratory results at the probation revocation hearing. It also argues that the defendant admitted through his attorney that he had violated his probation by using drugs. We agree with the state.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citation omitted).

Our supreme court has held that probation revocation based upon drug use as revealed by a laboratory report violates due process when the technician who prepared the report did not testify at the revocation hearing, the state made no showing of good cause in failing to call the technician, and no significant indicia of the reliability of the report existed. State v. Wade, 863 S.W.2d 406, 410 (Tenn. 1993). The present case is distinct from the circumstances in Wade. Here, the defendant did not challenge the laboratory report at the revocation hearing, and counsel acknowledged that the defendant had used drugs while on probation. Because he did not object on these grounds at the revocation hearing, he cannot prevail on this issue on appeal. T.R.A.P. 36(a).

We note that the laboratory report in question was not entered into evidence at the revocation hearing. Instead, the only evidence before the court was defense counsel's statements regarding the defendant's use of drugs while on probation. We take these statements as proffers and admissions on the part of the defendant. We also note that although the state did not present proof that the defendant was to refrain from using illegal drugs as a condition of probation, the defendant is deemed to be on notice that his conduct must conform to the requirements of the law. See State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). In any event, due process requires the evidence against a defendant in a revocation proceeding be disclosed to the defendant, who has the right to confront and cross-examine adverse witnesses unless good cause is shown for disallowing

confrontation.  <u>See</u> <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973); <u>Wade</u>, 863 S.W.2d at 408.  In other words, the revocation must be based upon evidence in the record and not the arguments of the parties.

In the present case, it is apparent that the defendant chose to admit his substantial drug problem through counsel in the hope that the trial court would sentence him to an alternative to incarceration combined with drug treatment.  The trial court's comments at the revocation hearing reveal that the trial court believed the defendant's sudden desire for drug treatment to be disingenuous and long overdue.  Such credibility determinations are within the province of the trial court.  The defendant's admitted drug use provides substantial evidence based upon which the trial court may revoke probation.  We discern no abuse of discretion on the trial court's behalf.

Based upon the foregoing and the record as a whole, we affirm the trial court's judgment revoking probation.

 

_____
JOSEPH M. TIPTON, JUDGE