**STATE of Tennessee, Appellee,**

v.

**Timothy Lee STUBBLEFIELD, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 19, 1997.

No Permission to Appeal Applied for to the Supreme Court.

Donald E. Parish, Huntingdon, for Appellant.

Charles W. Burson, Attorney General, Robin L. Harris, Assistant Attorney General, Nashville, Robert Radford, District Attorney General, Huntingdon, for Appellee.

## OPINION

TIPTON, Judge.

The defendant, Timothy Lee Stubblefield, appeals as of right from an order of the Henry County Circuit Court revoking his split confinement probation. He contends that the trial court had no authority to revoke his probation based on offenses he committed before he was convicted and sen-

tenced to split confinement. We affirm the judgment of the trial court.

In November 1993, the defendant was convicted by a jury of aggravated assault in case number 11990. He was sentenced in December 1993 to a four-year sentence that was to be suspended with supervised probation imposed after he served one year. While out on bond before his trial in this case, the defendant feloniously possessed a weapon and committed another aggravated assault. He pled guilty to these charges on July 11, 1994, several months after he was sentenced in the present case, and received a one-year sentence for the unlawful possession of a weapon conviction and a three-year-four-month sentence for the aggravated assault conviction. The sentences were to be served concurrently with each other and consecutively to the sentence in this case. In May 1995, the trial court granted the state's petition to revoke the defendant's suspended sentence in the present case based upon his criminal activity while he was on bond pending trial.

The defendant contends that the trial court erred by revoking his probation based on his commission of aggravated assault and unlawful possession of a weapon before he was convicted or sentenced in this case. He asserts that the trial court was without statutory authority to revoke his probation and argues that revoking his probation for acts committed at a time when he was not on probation or under a judgment of conviction violates due process under Article I, Section 8 of the Tennessee Constitution. He cites no other authority, stating only that he is unaware of any authority to support the trial court's actions. We disagree with the defendant's contentions.

Trial courts are granted broad authority under T.C.A. § 40-35-310 to revoke a suspended sentence "at any time within the maximum time which was directed and ordered by the court for suspension, after proceeding as provided in § 40-35-311." The circumstances that can trigger the revocation process are specified in T.C.A. § 40-35-311(a):

Whenever it shall come to the attention of the trial judge that any defendant who has

been released upon suspension of sentence has been guilty of any breach of the laws of this state or who has violated the conditions of his probation, the trial judge shall have the power to cause to be issued under his hand a warrant for the arrest of such defendant as in any other criminal case. . . .

Under this section, compliance with our state laws is an automatic condition of a suspended sentence, and when a trial court learns that a defendant has violated the law, it has the power to initiate revocation proceedings.

■ Notably, the statute grants a trial court authority to begin revocation proceedings whenever the breach of law comes to the attention of the trial court. It does not specify that trial courts are to consider criminal acts that only occur after the imposition of a suspended sentence. Under the statute, a trial court's authority to revoke a defendant's suspended sentence is triggered by its learning of the defendant's other criminal conduct. We recognize that this court has previously indicated that a trial court should not base revocation of a defendant's suspended sentence on prior criminal acts that were known to it at the time it imposed the suspended sentence. *See State of Tennessee v. Shannon Lee Beckner,* No. 923, Sullivan County, slip op. at 9, 1991 WL 43545 (Tenn. Crim.App. Apr. 2, 1991). We may then presume that the trial court considered the prior acts in its sentencing determinations. However, this court has also authorized revocation of a defendant's probation for criminal acts he committed before he received a probationary sentence if the trial court was without knowledge of the other criminal acts when it imposed the sentence. *See State v. Deloris Jean Click Signoracci,* No. C–2618, Davidson County (Tenn.Crim.App. Jan. 27, 1981) (revocation allowed for offenses committed after the original offense and before probation was granted when the offenses were not revealed to the trial court at the probation hearing).

■ We recognize that a defendant who is granted probation has a liberty interest that is protected by due process of law. *Practy v. State,* 525 S.W.2d 677, 680 (Tenn. Crim.App.1974). Also, it is fundamental to our system of justice through due process

that persons who are to suffer penal sanctions must have reasonable notice of the conduct that is prohibited. *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); *State v. Ash,* 729 S.W.2d 275, 279 (Tenn.Crim.App.1986). In this vein, a trial court would usually be unable to revoke a defendant's suspended sentence based on violations of probation conditions before those conditions are set.

■ However, revoking probation based upon criminal acts a defendant committed before being placed on probation does not implicate these due process concerns because, unlike other conditions of probation that may be imposed, the defendant is deemed to have notice that his or her conduct must conform to the requirements of the law from the time of the law's enactment. *See State v. Stone,* 880 S.W.2d 746 (Tenn. Crim.App.1994) (revocation proper for criminal acts occurring before probationary period begins). Also, the Criminal Sentencing Reform Act of 1989 puts citizens on notice that criminal history, through conduct or by convictions, may enhance a sentence or result in imposition of a sentence to confinement. *See, e.g.,* T.C.A. §§ 40–35–103—108, –114(1), and –311. Similarly, as *Signoracci* reflects, a defendant's criminal conduct after arrest that is not disclosed to the trial court at the time of the grant of probation need not go unnoticed for revocation purposes.

■ The resolution of this case depends upon whether the trial court had knowledge of the defendant's other criminal acts when it sentenced him to split confinement. The transcript of the revocation hearing is slightly over five pages and consists only of arguments by counsel. The parties stipulated that the defendant committed aggravated assault and unlawfully possessed a weapon while he was on bond pending trial, and the trial court took judicial notice of its records concerning the defendant's convictions. Although the presentence report reflects three arrests for aggravated assault after the defendant's arrest in this case, we are mindful that the trial court could not have considered them, without more, as evidence of criminal conduct. *See State v. Miller,* 674 S.W.2d 279,

284 (Tenn.1984); *State v. Newsome,* 798 S.W.2d 542, 543 (Tenn.Crim.App.1990). The report provides no particulars, not even the dates. More significantly, we do not have a transcript of the original sentencing hearing. We have no way of knowing whether the trial court was provided the facts involved or even if the trial court specifically delayed consideration until those cases were ultimately concluded. In sum, we cannot discern from the record before us if the trial court knew about the defendant's other criminal conduct in such a fashion as would bar that conduct's use for revocation purposes.

The standard of appellate review of a probation revocation is abuse of discretion. *See State v. Harkins,* 811 S.W.2d 79, 82 (Tenn.1991); *State v. Delp,* 614 S.W.2d 395 (Tenn.Crim.App.1980). This means that if the record presents substantial evidence to support revocation, the trial court's action will be approved. *Harkins,* 811 S.W.2d at 82. In this respect, the defendant's subsequent convictions constitute substantial evidence. The judgment of the trial court is affirmed.

WELLES and SMITH, JJ., concur.