# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### SEPTEMBER SESSION, 1999

**FILED**

November 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. E1998-00065-CCA-R3-CD |
| | ) | |
| Appellee, | ) | |
| | ) | KNOX COUNTY NO. 61215 |
| | ) | |
| VS. | ) | |
| | ) | HON. RAY L. JENKINS |
| CHARLES EDWARD EVANS, | ) | JUDGE |
| ALIAS, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

MARK E. STEPHENS
District Public Defender

PAULA R. VOSS
DAVID GALL
Assistant Public Defenders
1209 Euclid Avenue
Knoxville, TN 37921

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

RANDALL E. NICHOLS
District Attorney General

PAULA GENTRY
Assistant District Attorney
400 Main, P.O. Box 1468
Knoxville, TN 37901-1468

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

The appellant, Charles Edward Evans, appeals the Knox County Criminal Court's order revoking his probation. In 1996, the appellant was convicted of one (1) count of selling less than 0.5 grams of cocaine and sentenced to eight (8) years as a Range II offender. The appellant was placed on probation by the Tennessee Department of Correction in February 1998. Subsequently, the state filed a petition to revoke the appellant's probation, and after an evidentiary hearing, the trial court revoked the appellant's probation. On appeal, the appellant claims that the trial court erred in revoking probation. After a review of the record before this Court, we affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

In August of 1996, the appellant pled guilty to one (1) count of selling less than 0.5 grams of cocaine and was sentenced to eight (8) years as a Range II, multiple offender. At the time of sentencing, the trial court ordered that the appellant be placed in the Community Alternatives to Prison Program ("CAPP"). A warrant alleging that the appellant had violated the conditions of CAPP was filed on December 4, 1996; however, that warrant was dismissed, and the appellant was returned to the CAPP Program on January 17, 1997. On March 17, 1997, a second CAPP violation warrant was filed, and the trial court subsequently revoked the appellant's participation in CAPP. The appellant was transferred to prison.

In February 1998, the Tennessee Department of Correction released the appellant on determinate probation. *See* Tenn. Code Ann. § 40-20-206. In October, the appellant's probation officer filed a warrant alleging that the appellant had violated several conditions of his probation, including failing to perform community service as ordered, failing to pay restitution and/or fines regularly, consuming drugs and alcohol on a regular basis, failing to keep appointments with his probation officer, moving from

Blount County to Knox County without the officer's knowledge or consent, and being arrested for driving on a revoked license.

After a hearing, the trial court found that the appellant had violated the terms of his release and revoked the appellant's probation. From this ruling, the appellant brings this appeal.

This Court's standard of review for a probation revocation is an abuse of discretion standard. State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997). If the record presents substantial evidence to support revocation, the trial court's action will be upheld on appeal. Id.

A trial court has the authority to revoke a defendant's probation if the court finds by a preponderance of the evidence that the defendant has violated the conditions of his probation. Tenn. Code Ann. §§ 40-35-310, 40-35-311(d). At the revocation hearing, the appellant's probation officer testified that the appellant failed to report for meetings as scheduled, failed to perform community service as directed, moved to Knoxville without her permission or consent, failed to pay court ordered fines and costs, tested positive for cocaine, admitted frequent use of alcohol and marijuana and had charges pending against him in General Sessions Court. This testimony was undisputed. Indeed, the appellant, through counsel, conceded that he "violated the conditions of probation in a number of ways."

The evidence that the appellant violated the terms of his probation is overwhelming. Thus, the trial court did not abuse its discretion in its decision to revoke probation. Accordingly, the judgment of the trial court is affirmed pursuant to Tennessee Court of Criminal Appeals Rule 20. Costs of the appeal are taxed to the State of Tennessee, as it appears that the appellant is indigent.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE


_____
JAMES CURWOOD WITT, JUDGE