# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 2000 Session

## STATE OF TENNESSEE v. MICHAEL LYNN BREEDEN

**Appeal from the Circuit Court for Blount County**
**No. C-9635      D. Kelly Thomas, Jr., Judge**

---

**No. E1999-01290-CCA-R3-CD**
**August 29, 2000**

---

The defendant, Michael Lynn Breeden, appeals the revocation of his probation.  He contends that his remaining on probation would provide more supervision than he will have on parole and would allow him to be more timely in paying restitution.  We hold that the defendant's record of noncompliance with the terms of probation is substantial evidence to support the trial court's decision to revoke probation.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Raymond Mack Garner, District Public Defender, and Shawn G. Graham, Assistant District Public Defender, for the appellant, Michael Lynn Breeden.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Michael L. Flynn, District Attorney General; and William Ramsey Reed, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Michael Lynn Breeden, appeals as of right from the Blount County Circuit Court order revoking his probation on an effective sentence of four years resulting from his convictions for fourteen counts of automobile burglary, one count of theft of property valued over five hundred dollars, and six counts of theft of property valued under five hundred dollars.  The defendant contends that the trial court erred by revoking his probation and requiring him to serve the balance of the original sentence.

On March 31, 1999, the defendant entered guilty pleas to the charges in exchange for an effective sentence of four years.  He was required to serve sixty days in confinement with the remainder to be served on probation. The defendant was also required on a monthly basis to perform

community service, to pay restitution, and to pay probation fees. The record reflects that the defendant met with his probation officer as required April through July 1999. However, the officer did not see or hear from the defendant after July 6 until the defendant called him from jail a couple of weeks before the November 1999 probation revocation proceeding. Also, the defendant failed to do community service or to pay restitution and probation fees after July.

The defendant acknowledged that he missed the appointments and did not meet the other probation requirements. He explained that he was working as a brick mason and living in a trailer when, one day, he got evicted. He said that he was afraid to report to the probation officer because he had no place to live. He said that at the time of his arrest in September, he had been living in Knoxville, part time with his girlfriend and part time with another friend. He acknowledged that he was not working at the time of his arrest. He said that his girlfriend had offered him a place to live and that his life would be more stable in the future.

The defendant acknowledged that he knew what would happen if he did not report to his probation officer. He admitted that he had been found in violation of probation three different times in another case. However, he said that he had not committed any new offenses and that he could begin to pay restitution if he stayed on probation.

The defendant's girlfriend testified and verified that she would allow the defendant to live with her in her home. She said that all of his money could go toward restitution and that she would be in a position to provide him transportation to meet his needs. She admitted that when she learned about the defendant's probation and told him that he needed to call his probation officer, he did not follow her advice.

The trial court found that the defendant violated the terms of his probation. It noted that the defendant's express reason for not reporting was not credible and that the defendant had previous probation violations. It concluded that the defendant's probation should be revoked.

The defendant contends that the trial court should not have revoked his probation. He asserts that he would be under more supervision on probation than he will be upon parole. Also, he states that he can be more timely in his restitution payments.

Essentially, the defendant is asking us to replace the trial court's decision with ours. However, our standard of review for a probation revocation is abuse of discretion. State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997). A trial court has not abused its discretion if the record contains material or substantial evidence to support the trial court's conclusion that probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In this respect, the defendant's record of noncompliance with the conditions of probation, particularly given his reason for not complying, constitutes evidence of substance to support the trial

-2-

court's decision.  We will not consider the viability of other options that might have been available to the trial court.  The judgment of the trial court is affirmed.

_____

JOSEPH M. TIPTON, JUDGE