IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 25, 2001

## STATE OF TENNESSEE v. FRANKIE L. RICHARDSON

**Appeal from the Circuit Court for Williamson County**
**No. I-43-399     Donald P. Harris, Judge**

———————————

### No. M2000-02518-CCA-R3-PC - Filed May 31, 2001

———————————

The Defendant, Frankie L. Richardson, appeals as of right from the revocation of his probation. He argues that the trial judge abused his discretion by revoking probation. We find no abuse of discretion; thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

C. LeAnn Smith, Nashville, Tennessee, for the appellant, Frankie L. Richardson.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Ron Davis, District Attorney General; and Mary Katherine Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 24, 1999, the Defendant pled guilty to third offense driving under the influence (DUI). He was sentenced to eleven months twenty-nine days, to be served on supervised probation following one hundred twenty days in the county jail. The Defendant served his one hundred twenty days in the Williamson County Jail and was released on November 4, 1999. On December 8, 1999, the Defendant was administered a drug screen as part of his probation. The test reported a positive result for marijuana use, and a probation violation warrant was issued for the Defendant. After a probation revocation hearing on September 22, 2000, the trial judge revoked the Defendant's probation.

Prior to the presentation of proof at the revocation hearing, the Defendant stipulated that the drug screen was properly conducted, that it was performed by a qualified laboratory, and that the results were accurate. He at no time challenged the accuracy of the drug screen, and he admitted on the stand that the screen indicated he had marijuana in his system. However, the Defendant

adamantly denied smoking marijuana. He explained that while serving his last thirty days in jail, he had ingested marijuana smoke every day because others at the jail were smoking it, and he theorized that the positive test result was due to that second-hand smoke. He could not explain why he would still have marijuana in his system over thirty days after he was released from jail. The Defendant testified that he was required to take a drug screen for his employer, and that drug screen came back negative. He further testified that he had paid all his fines and costs, that he was caught up on his child support, and that he was trying to put his life back together. He also admitted that he had not reported to his probation officer since sometime in July 2000, but he seemed to indicate that there was confusion about whether he was required to report.

Julie Odom, the Defendant's probation officer, verified that the Defendant had a positive drug screen just over thirty days after his release from jail. She also testified that in February 2000, the Defendant had a negative drug screen. These were the only drug screens administered. Ms. Odom testified that the Defendant was required to meet with her twice a month and that he kept his appointments until July 2000, when he stopped reporting to her. Ms. Odom had not seen the Defendant since June 15, 2000. Other than the one failed drug screen and the Defendant's failure to report after June 15, 2000, the Defendant had not had any problems on probation.

After hearing this evidence, the trial judge determined that the Defendant was failing to take responsibility for the positive drug screen. Based on the failed drug screen and the Defendant's failure to take responsibility for it, the trial judge revoked the Defendant's probation due to a probation violation.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

We cannot find an abuse of discretion in this case. The trial judge was presented with proof in the form of a drug screen report that the Defendant had marijuana in his system thirty days after his release from jail. The Defendant asserts that this report must be deemed unreliable because the State did not establish its reliability in accordance with State v. Wade, 863 S.W.2d 406 (Tenn. 1993), which held that due process prohibits the revocation of probation "based on an unidentified laboratory test admitted into evidence without a finding of good cause and proof of the reliability of the test report." Id. at 410. However, the Defendant stipulated to the reliability and accuracy of the

drug screen report at the beginning of the hearing; thus, the trial judge properly considered the drug screen as evidence that the Defendant had used marijuana.  Moreover, the Defendant admitted on the stand that he had tested positive for marijuana, and he proffered the theory that the positive result was due to his ingestion of second-hand smoke while in jail.  The trial court did not accept the Defendant's theory, thereby making a credibility determination that the Defendant was not being truthful on the stand and that he was not taking responsibility for his actions.  Considering this evidence, we hold that the trial judge made an intelligent decision based on sufficient evidence that the Defendant had violated his probation, and we find no abuse of discretion in the revocation of that probation.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE