IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2001

## STATE OF TENNESSEE v. KENNETH LEE KENDRICK

**Appeal from the Criminal Court for Sullivan County**
**Nos. S37,954, S37,996, and S40,075    R. Jerry Beck, Judge**

_____

**No. E2001-00817-CCA-R3-CD**
**January 23, 2002**
_____

The defendant, Kenneth Lee Kendrick, appeals the Sullivan County Criminal Court's revocation of his probation. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Stephen M. Wallace, District Public Defender and Terry L. Jordan, Assistant Public Defender, for the appellant, Kenneth Lee Kendrick.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pled guilty in 1996 to several burglaries, thefts, and instances of joyriding for which he received an effective sentence of six years to be served in a community corrections program. In 1997, the defendant pled guilty to possessing marijuana in the community corrections facility. He received probation and was ordered to continue in community corrections under the previous conditions imposed. In 1999, he was transferred to probation. On January 17, 2001, a probation violation warrant issued alleging that the defendant had failed a drug test on January 4, 2001.

At the revocation hearing, the defendant agreed to admission into evidence of an affidavit dealing with the laboratory testing of the defendant's urine sample collected on January 4, 2001. The affidavit reflected that marijuana metabolites were found in the urine that were consistent with marijuana use within five days of the collection of the sample.

Mary Bell Christian testified that the defendant was the father of her four-year-old granddaughter who was in her temporary custody. She said that on a recent occasion, the defendant's hair smelled like marijuana smoke when he returned his daughter after visitation. She acknowledged that she had filed for custody of her granddaughter which the defendant opposed.

The defendant denied taking drugs since 1996. He also denied ever using marijuana around his daughter. He admitted into evidence a negative drug screen test for a sample that he provided on January 30, 2001.

The trial court found that the test results for the January 4, 2001 sample were accurate. It did not question the defendant's January 30 drug test, but it believed the test to be stale because of the passage of time before it was taken. The trial court revoked the defendant's probation.

The defendant argues that the state failed to carry its burden of proving that he violated the terms of his probationary sentence because it failed to introduce into evidence the conditions of his probation. He also contends that the negative results from his test should cancel out the positive results from the state's test. We believe that no merit exists in the defendant's contentions. First, we note that the probation violation warrant stated: "Violation of Rule #7, 'I will not use or have in my possession narcotic drugs or marijuana,' to-wit: the defendant tested positive for Marijuana on January 4, 2001 in the Blountville Probation Office." The defendant did not contend in the trial court that he was unaware of this condition of his probation. In any event, a probationer is inherently put on notice that compliance with the criminal laws is a condition of probation. State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). Moreover, a trial court may take judicial notice of conditions it has previously imposed in the same case. As for the tests, we do not believe that the test on a sample collected 26 days after the sample in issue was collected is as probative of the content of the first sample as the test performed on the first sample itself. The evidence supports the trial court's findings that the defendant used marijuana.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE