IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. JENNY BEA HUFFSTETLER

**Appeal from the Circuit Court for Blount County**
**No. C-11868-73      D. Kelly Thomas, Jr., Judge**

---

**No. E2001-02197-CCA-R3-CD**
**August 2, 2002**

---

The Defendant, Jenny Bea Huffstetler, pled guilty to three counts of forgery, one count of fraudulent use of a credit card, one count of misdemeanor assault, and one count of theft under $500. For these offenses, the Defendant received an effective sentence of three years as a Range I, standard offender. Her sentence was suspended and she was placed on intensive probation. Following a hearing on allegations that the Defendant had violated the terms of her probation, the trial court ordered the Defendant to serve nine months in jail and the balance of her sentence on community corrections. The Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. GARY R. WADE, P.J., filed a concurring opinion.

Mack Garner, Maryville, Tennessee, for the appellant, Jenny Bea Huffstetler.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Mike Flynn, District Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the probation revocation hearing, defense counsel stipulated to the probation violations contained in the report filed by the Defendant's probation officer. These violations include two arrests, missed probation appointments, and failure to pay costs and fees. In addition to the stipulation, the Defendant testified on her own behalf. She stated that she was twenty-one years old and had three children. She explained that one of her arrests was for possession of burglary tools because she had been in a car with someone who had the tools in his bag in the trunk. She stated that she did not know the tools were there. She admitted to being out after curfew at the time she was in the car. She testified that the other arrest was for domestic assault, arising out of her relationship

with her abusive husband. At the time of the probation revocation hearing, these cases remained open. She failed to appear for the assault case, she testified, because she had no transportation.

The Defendant stated that she was staying with a girlfriend and had two offers of employment. However, when the trial court asked specific questions about where the Defendant had been staying, the Defendant became evasive. The Defendant testified that she had a one-year-old daughter by her estranged husband, and that she had given the child to him for keeping while she was homeless. However, she testified that she did not know the current whereabouts of her daughter, and stated that her estranged husband was neglecting their daughter.

The Defendant explained her probation violations as stemming from some events that left her "very emotionally distraught." She stated that she quit taking her medication[1] and "caused [her]self to make bad decisions in that way, instead of finding support for [her]self." She testified at the hearing that she had resumed taking her medication.

On cross-examination, the Defendant admitted that she had begun her sojourn with the criminal justice system when she was fourteen or fifteen, and had been having "problems" since. When asked by the trial court who had taught her to be a criminal, the Defendant responded that she had "just adapted to it." She explained that she had associated with people who engaged in illegal behavior, admitting that her cohorts made up a "Who's Who" of the criminals in Blount County. She admitted that she was "ejected" from her one attempt at inpatient counseling.

After hearing the Defendant's testimony, the trial court concluded that she had "materially violated the terms of her probation." The trial court further concluded that the proof indicated a poor likelihood that, if placed back on probation, the Defendant would follow the conditions of her sentence. The trial court stated to the Defendant, "as the first rule of your probation says, you do not know how to conduct yourself as an upright and law-abiding citizen." Accordingly, the trial court ordered her to serve nine months in jail, with the remainder of her sentence to be served on community corrections. The Defendant now contends that the trial court erred.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate court's scope of review is limited. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation,

---

[1]The Defendant testified that she took prescription medication for depression and anxiety disorder.

probation should be revoked.  <u>See</u> <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991); <u>State v. Stubblefield</u>, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

The record before us contains more than sufficient evidence to support the trial court's revocation of the Defendant's probation.  The Defendant's challenge to the trial court's ruling is without merit, and we affirm the judgment of the trial court.

_____

DAVID H. WELLES, JUDGE