IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 20, 2002

## STATE OF TENNESSEE v. JEFFREY LYNN MURPHY

**Appeal from the Criminal Court for DeKalb County**
**No. 99-77F      Lillie Ann Sells, Judge**

---

**No. M2002-00984-CCA-R3-CD - Filed December 13, 2002**

---

The Defendant, Jeffrey Lynn Murphy, pled guilty to one count of fraud and was placed on probation for three years. The Defendant's supervising officer subsequently filed a probation violation warrant and a hearing was held. The trial court revoked the Defendant's probation and ordered him to serve his sentence in the Department of Correction. The Defendant now appeals, claiming that the trial court should have extended his period of probation, instead. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

David Brady, Public Defender and John B. Nisbet, III, Assistant Public Defender, Cookeville, Tennessee, for the appellant, Jeffrey Lynn Murphy.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William E. Gibson, District Attorney General; and William Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was convicted of "fraud," in March 2000, in connection with obtaining prescription drugs with a forged prescription. He received a three-year suspended sentence and was placed on probation. In September 2001, his supervising officer filed a violation warrant setting forth numerous instances of the Defendant's noncompliance with the terms of his probation, including violating his house arrest. The violation warrant was subsequently amended to charge as additional violations that the Defendant did not notify his supervising officer of an arrest, and that he was convicted in September 2001 of passing a worthless check. A hearing was subsequently conducted at which Ms. Lori Snow, the Defendant's supervising officer, and the Defendant testified. The Defendant admitted that he had been convicted as alleged. The Defendant disputed Ms. Snow's testimony about his absences from home, but the trial court specifically found the Defendant's

testimony on this point to be "not credible." Based on the Defendant's violation of his probation by receiving a new conviction and by not complying with the terms of his house arrest, the trial court revoked the Defendant's probation and ordered him to serve his sentence in the Department of Correction. In rendering its decision, the trial court noted that the Defendant had previously been before the court for violating his probation, but had been permitted to remain on probation based upon his representations to the court that he would thereafter comply with the terms of his sentence.

The Defendant now complains that the trial court's revocation of his probation is "too harsh" and that the trial court should instead have imposed an additional two years of probation. We respectfully disagree.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

In this case, the record contains more than enough evidence to support the trial court's decision. Accordingly, no abuse of discretion has been demonstrated, and the Defendant's claim that the trial court erred is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE