IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2002

## STATE OF TENNESSEE v. STEVEN E. SMITH

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 4806     Leon C. Burns, Jr., Judge**

_____

**No. E2001-02892-CCA-R3-CD**
**December 16, 2002**
_____

In December 1997, the defendant was convicted of the sale of cocaine over .5 grams, a Class B felony, and sentenced to eight years, with all but sixty days suspended, and the balance to be served on probation. In October 1998, his probation was revoked because he was convicted that year of possession of marijuana, criminal impersonation, and contributing to the delinquency of a minor. He was incarcerated for ninety days and again placed on probation, this time in community corrections. In December 1998, another probation violation warrant was issued, this time alleging that the defendant had absconded. In September 1999, his probation was revoked and he was ordered to serve the balance of his sentence in the Department of Correction. Apparently, he was again placed on probation, with the case transferred to Michigan. In April 2001, another probation warrant was issued, charging the defendant with failing two drug screens and attempting to adulterate a drug screen. Following a hearing, the court revoked the defendant's probation and he timely appealed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Merrilyn Feirman, Nashville, Tennessee (on appeal); David Neal Brady, District Public Defender; and Cynthia S. Lyons, Assistant Public Defender (at trial and on appeal), for the appellant, Steven E. Smith.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William E. Gibson, District Attorney General; and Terry D. Dycus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The two claims raised on appeal are that the trial court erred by admitting a report of the Michigan Department of Corrections with results of two drug screens failed by the defendant and

in revoking his probation because of his drug use. Following our review, we affirm the revocation of probation.

At the revocation hearing, Chester Darby of the Tennessee Board of Probation and Parole testified that he had been the defendant's probation officer. An interstate compact request was prepared and, at the defendant's request, his probation was transferred to Michigan. Subsequently, Mr. Darby received a report from Michigan that the defendant had failed a drug test. Over the objection of the defendant, a form styled "Michigan Department of Corrections/Subtance [sic] Abuse Admission" was entered into evidence. The body of the statement is as follows: "I hereby admit I have recently used the controlled or mind-altering substance of <u>Marijuana</u>[1] as indicated in the substance abuse test administered to me this date by my probation/parole agent." Additionally, the document bears the handwritten notation "the subject also submit/attempted to submit an adulterated sample." The document bears the defendant's signature, the date of April 5, 2001, and the illegible signature of a witness.

Mr. Darby testified that Michigan requested that Tennessee issue a probation violation warrant for the defendant, and he did so.

The defendant testified, admitting that he had failed a drug test in Michigan, but said that the word "marijuana" had not been written on the form when he signed it. He said that he "was having like a nervous breakdown, or whatever" while he was in Michigan and was prescribed Xanax, Effexor, and Hydrocodone. He said he was told by the prescribing doctor that these medications would cause him to fail a drug test. In signing the paper, he thought that he was admitting only to failing the drug test. He said that he took a bottle containing his wife's urine to use for a drug test while he was in Michigan, but did so because of problems he was having with his probation officer there.

At the conclusion of the testimony, and the argument of counsel, the trial court revoked the defendant's probation, stating as follows:

> THE COURT: We've been down the road of revocations before, and was revoked in boot camp. I guess, [defense counsel], I guess whether or not your objection is a valid objection is about the only issue. He made an admission here. He denies marijuana, but he doesn't deny attempting to take in a sample not his, so I guess whatever you might want to say in his behalf, I guess I should listen. Do you want to say anything?
>
> [DEFENSE COUNSEL]: Well, Your Honor, the violations that we're talking about, obviously, there's a history here, but the violations that we're talking about are in fact technical violations.

---

[1]This word is handwritten into the document.

> There has been no evidence that he's committed any new crimes. He's got a wife, he's got a family, he's got, apparently, decent job prospects, and I would request that he be given another chance to come back out on probation and see if he can't get this sentence behind him.
>
> THE COURT: Many times when people are positive for drug screens there are split confinements or other chances, but the record indicates that Mr. Smith has had those chances, and we still haven't got the message across, so I think there's sufficient grounds to revoke his probation to serve the balance of his sentence.

The legislature of this state has vested in the trial court sole authority to grant suspension of sentences and probation to defendants. See Tenn. Code Ann. § 40-35-303. Trial courts are also granted broad authority to revoke a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40-35-311." Tenn. Code Ann. § 40-35-310. The procedures outlined in section 40-35-311 are fundamental to our system of justice because a defendant who is granted probation has a liberty interest that must be protected by due process. See State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997) (citing Practy v. State, 525 S.W.2d 677, 680 (Tenn. Crim. App. 1974)). The procedures for revocation of probation mandated by our legislature have been determined by this court to comply with federal constitutional standards as set forth in the leading case of Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). See Practy, 525 S.W.2d at 682 ("This State's procedure for revocation of sentence suspension and probation is an orderly one affording a probationer full protection of his constitutional right to due process.").

In this matter, the trial court revoked the defendant's probation, in part, because he admitted to substituting a vial of his wife's urine for his own so that he would not "fail" a drug screen. This alone is a sufficient reason for revoking his probation. As for whether the trial court erred in admitting the results of the failed drug screens in Michigan, we note that the defendant admitted that the results showed that he had been using drugs but asserted that he had taken only prescription drugs, which caused the positive results. Even if the trial court erred in admitting these records, the defendant's separate admission that he had attempted to pass the test by using his wife's urine would, by itself, be sufficient grounds for revoking his probation. Accordingly, we affirm the order of the trial court.

_____
ALAN E. GLENN, JUDGE