IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 30, 2003

## STATE OF TENNESSEE v. RONALD W. JENKINS, II

**Direct Appeal from the Criminal Court for Washington County**
**Nos. 26933, 27580     Phyllis H. Miller, Judge**

_____

**No. E2002-02437-CCA-R3-CD**
**May 15, 2003**
_____

The Defendant, Ronald W. Jenkins, II, pled guilty to reckless homicide, felony reckless endangerment, and DUI, second offense. The Defendant was thereafter sentenced to two years for the homicide, one year for the reckless endangerment, to be served concurrently, and eleven months, twenty-nine days for the DUI, to be served consecutively. The Defendant's driver's license was also suspended for a period of two years. The Defendant's sentences were suspended after service of 150 days, and he was placed on three years of probation. Within a few months of beginning his probationary period, the Defendant was arrested and convicted of driving on a revoked license. A probation violation warrant was filed, a hearing conducted, and the trial court revoked the Defendant's probation. The Defendant now appeals, complaining that the trial court erred in revoking his probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jeffrey Kelly, Johnson City, Tennessee, for the appellant, Phyllis H. Miller.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Joe Crumley, District Attorney General; and Steve Finney, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant's convictions arose out of a car accident caused by his traveling at too high a speed, during which the Defendant's vehicle struck another vehicle. One of the passengers in the other vehicle was pregnant and lost the viable fetus as a result of the accident.

The Defendant began his probationary period in April 2002. On July 3, 2002, the Defendant was stopped for driving 76 miles per hour in a 50 mile per hour zone. He was thereupon arrested

for driving on a revoked license. The Defendant subsequently pled guilty to this offense on July 10, 2002. The Defendant duly reported these violations of his probation to his probation officer.

At the probation revocation hearing, the Defendant testified and admitted his wrongdoing. He also admitted to having driven on July 16, 2002, less than one week after his DORL conviction. He asked for the court to grant him another chance and requested that he be placed in the community corrections program. He claimed to have a problem with alcohol. The trial court denied the Defendant's request, revoked his probation, and ordered him to serve his original sentences in the Department of Correction. The Defendant now asserts that, by doing so, the trial court erred.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

In ordering revocation, the trial court relied not only on the Defendant's new conviction for driving on a revoked license, but also on his admission to having driven on at least three other occasions while on probation, all while his license was suspended and, accordingly, in violation of the conditions of his probation. The trial court noted that alcohol was not the underlying problem, stating that "[t]he reason you're here is because you, by George, just don't do anything you're told to do." The trial court specifically found that the Defendant "doesn't belong on probation or any form of alternative sentencing." The trial judge found that the Defendant had had no "extenuating circumstance" that might have required his illegal driving, but "[t]he only reason he was out there is because he decides he doesn't care if his license is revoked or not."

The Defendant admits in his brief that he violated the terms of his probation. He contends, however, that he should have been placed on community corrections because of his alcohol problem and to assist in the alleviation of overcrowding in our prisons. He argues that, while he deserves to be punished for violating his probation, "society is not best served by requiring [him] to be incarcerated for the remainder of his sentence." Rather, his "success in meeting the obligations of his probation demonstrates that he is most capable of rehabilitation, and further incarceration would defeat the purpose of rehabilitation, a cornerstone of the Tennessee Sentencing Reform Act of 1989." The Defendant stresses those rules of his probation which he followed, rather than those he rather blatantly, and repeatedly, violated.

Like the trial judge, we are concerned about the Defendant's propensity for misbehaving behind the wheel of a car, even when repeatedly ordered by the courts of this State to stop driving. The Defendant has committed numerous driving offenses in the past, including repeated instances of driving on a revoked license. The Defendant has already caused one death by speeding in an automobile, yet that did not stop him from grossly exceeding the speed limit again, even while on a suspended license. It appears that the only way to keep the Defendant off of our roads and highways is to limit his access to vehicles. Incarceration will do so. We conclude that the trial judge acted within his discretionary authority.

The Defendant having failed to demonstrate that the trial court abused its discretion in revoking the Defendant's probation, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE