IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 4, 2003

## STATE OF TENNESSEE v. CALVIN LYONS, SR.

**Direct Appeal from the Circuit Court for Madison County**
**No. 94-894, 1258, 1259, 1260      Roy B. Morgan, Jr., Judge**

_____

**No. W2003-00917-CCA-R3-CD  - Filed November 14, 2003**

_____

The Defendant, Calvin Lyons, Sr., appeals as of right from the judgment of the trial court, which revoked the Defendant's probation and reinstated his original sentence. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Stephen P. Spracher, Jackson, Tennessee, for the appellant, Calvin Lyons, Sr.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1995, the Defendant pled guilty to three counts of selling cocaine and one count of possession of cocaine with the intent to sell or deliver. As a result of the plea, the Defendant agreed to a community corrections sentence of 12 years, with ninety days to be served in jail. In April 2001, while the Defendant was serving the balance of his sentence on probation, a probation violation warrant was issued alleging that the Defendant had been arrested for possession of marijuana, DUI, violation of the implied consent law, and speeding. On May 30, 2001, the trial court entered an order revoking the Defendant's probation based on his conviction on May 14, 2001 for DUI. The trial court ordered the Defendant to serve eleven months and twenty-nine days, following which his probation was reinstated.

On March 21, 2003, another probation violation warrant was issued against the Defendant based on his March 11, 2003 conviction for DUI, second offense. After a revocation hearing, the trial court revoked the Defendant's probation and reinstated the original sentence, "with credit for all time served on this docket number." The Defendant argues that, in so doing, the trial court erred. We disagree.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

The Defendant conceded at the revocation hearing that he was convicted of DUI, second offense, on March 11, 2003. The Defendant testified that he has had an alcohol problem since 1971, but he never made any serious attempts to address it. He asked the court to allow him to seek professional help for his addiction. John Reaves, a long-time friend of the Defendant's family, testified that Defendant was "unique" and "very accommodating." He stated that, if the court saw fit to place the Defendant in a treatment program, the Defendant "would come out to be a pretty good fellow." Following this proof, the trial court revoked the Defendant's probation and ordered him to serve the balance of his sentence in confinement.

We conclude that the trial court did not abuse its discretion by revoking the Defendant's probation and ordering his sentence served in confinement. While on probation, the Defendant had been convicted of DUI, first offense. The Defendant admitted that he again violated the conditions of his probation by being convicted of DUI, second offense. Therefore, the Defendant's challenge to the order of the trial court revoking his probation is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE