IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2003

**STATE OF TENNESSEE V. SHERMAN T. MASON, JR.**

**Direct Appeal from the Criminal Court for Knox County**
**No. 64067, 64160, 65090, 65091   Ray L. Jenkins, Judge**

**No. E2003-01037-CCA-R3-CD**
**March 17, 2004**

The trial court revoked the probation of the appellant, Sherman T. Mason, Jr., as a result of his second probation violation warrant. Consequently, he was ordered to serve the balance of his effective twenty-year sentence. On appeal, the appellant argues that the trial court erred in revoking his probation and ordering him to serve out the remainder of his sentence in confinement. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

Leslie M. Jeffress, Knoxville, Tennessee, for the appellant, Sherman T. Mason, Jr.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; Zane Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

In March of 2000, the appellant plead guilty to five counts of aggravated assault, for which he received a total effective sentence of twelve years. He was placed on enhanced probation. In May of 2001, the appellant's probation was revoked and he was ordered to serve his sentences in confinement. Subsequently, the trial court granted a motion for reduction of sentence. As a condition of the agreement to reduce the appellant's sentence, he agreed to plead guilty to an

outstanding indictment for possession of Schedule II drugs for resale or delivery.[1] He received an eight-year sentence for the drug charge, consecutive to the effective twelve-year sentence on the aggravated assault charges, for a total effective sentence of twenty years. The appellant was again placed on enhanced probation. A second probation violation warrant was issued in August of 2002, and, as a result, the trial court revoked the appellant's probation and ordered him to serve the balance of his sentence in confinement.

At the probation revocation hearing, the appellant's probation officer, Allison Moody, testified that the appellant was arrested in August of 2002 for driving while his privileges were suspended and for possession of Schedule II drugs for resale.

Officer Derrick Weller of the Knoxville Police Department testified that he stopped the appellant for a traffic violation at approximately 12:30 a.m. on August 16, 2002, after he observed the appellant improperly backing into traffic. When Officer Weller asked the appellant for his driver's license, the appellant admitted that he did not have one. Officer Weller placed the appellant under arrest at that time. During a search incident to the arrest, Officer Weller found a plastic bag containing what appeared to be crack cocaine in the appellant's pocket. The substance subsequently tested positive for 1.5 grams of cocaine base. Three days later, on August 19, 2002, the appellant went to the probation office, admitted his recent arrest, and was arrested on a probation revocation warrant at that time.

The appellant also testified at the hearing. He admitted that he was guilty of violating his probation-imposed curfew when he was arrested on August 16, 2002, but that he was "not guilty of everything . . . [he'd] been charged with, but . . . [he was] not innocent either."

After hearing the testimony, the trial court revoked the appellant's probation and ordred him to serve the remainder of his sentence in confinement. This appeal ensued.

Analysis

The appellant argues on appeal that the trial court abused its discretion in ordering him to serve the remainder of his sentence in confinement because he "had complied with many, if not most of the requirements of probation" and had made an effort to rehabilitate himself such that the trial court should have given him another chance at probation. The State counters that the trial court did not abuse its discretion in revoking the appellant's probation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310 & -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion

_____

[1]The indictment on the drug charges stemmed from the same set of facts as the aggravated assault charges.

standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In other words, in order for this Court to find that the trial court abused its discretion, the record must contain no substantial evidence to support the trial court's conclusion that a probation violation occurred and that, as a result of that violation, probation should be revoked. Id.; see also State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

At the conclusion of the evidence, the trial court noted that the appellant was on probation for a second time, was charged with driving while his privileges were suspended, and that he admitted to violating his probation-imposed curfew. The trial court also found that the appellant was charged with possession of a Schedule II substance, "one of the offenses which previously had put him in the position of requesting probation." The evidence does not preponderate against the trial court's decision. Accordingly, we conclude that the trial court did not abuse its discretion by revoking the appellant's probation and ordering him to serve the remainder of his sentences in confinement. Consequently, the judgments of the trial court are affirmed.

_____

JERRY L. SMITH, JUDGE