IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2007

**STATE OF TENNESSEE v. RICHARD LYNN DIXON**

**Direct Appeal from the Circuit Court for Blount County**
**No. C-12881     Jon Kerry Blackwood, Judge**

**No. E2007-00765-CCA-R3-CD - Filed May 20, 2008**

Defendant, Richard Lynn Dixon, appeals the revocation of his probation by the trial court. On appeal, Defendant asserts that the trial court abused its discretion in revoking Defendant's probation. After a thorough review of the record, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and J. C. MCLIN, JJ., joined.

Mack Garner, District Public Defender, Maryville, Tennessee, at trial; and J. Liddell Kirk, Knoxville, Tennessee, on appeal, for the appellant, Richard Lynn Dixon.

Robert J. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike Flynn, District Attorney General; Robert Headrick, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Defendant was convicted of theft, a Class D felony, on November 7, 2001. On November 19, 2001, he was sentenced to three years, to be suspended after serving sixty days in the county jail, followed by three years of supervised probation and two years of unsupervised probation. On August 11, 2004, the first violation of probation was filed against Defendant because he had an order of protection filed against him, failed to report it to his probation officer, and he failed to perform community service. On March 15, 2005, the trial court ordered Defendant to serve one weekend each month in jail until his community service hours were completed. On August 12, 2005, the instant probation violation was filed against Defendant alleging that he failed to report to his probation officer, failed to serve his jail sentence, failed to pay his court costs, and failed to complete his community service hours. Following a probation revocation hearing, Defendant's probation was revoked and he was ordered to serve his sentence.

## I. Background

Defendant's probation officer, Carolyn Brewer, testified at the probation revocation hearing. Ms. Brewer testified that Defendant had violated his probation twice in 2004 by having an order of protection filed against him and by failing to perform community service and pay probation fees. After these violations, Defendant was sentenced to serve one weekend a month until he completed his community service requirements. Ms. Brewer testified that this order was issued on March 15, 2005. Ms. Brewer stated that the last time Defendant reported to the probation office was on June 30, 2005. In July 2005, Defendant was scheduled to report, but rescheduled twice due to car trouble. July 20, 2005 was Defendant's last scheduled appointment and he did not show up. On August 10, 2005, after reviewing Defendant's file and realizing he had not completed any community service hours, Ms. Brewer contacted Defendant's employer and learned that he was no longer employed there. On August 12, 2005, Ms. Brewer filed the instant probation violation. On March 23, 2007, Defendant was arrested for simple possession of marijuana and he was served with the warrant for his arrest for the violation of probation. Ms. Brewer recommended that Defendant's probation be revoked.

Defendant testified at the hearing that he understood the March 15, 2005 order to mean that he was to serve weekends in order to complete his community service requirements and after serving five weekends he believed he had completed his probation and community service hours. Prior to his arrest, Defendant was living with his father and working as a welder. Defendant stated that, if given the chance, he could complete the community service and pay what he owed in court costs within a month. On cross-examination, Defendant stated that because no one had contacted him in two years and he had not been arrested, he believed his probation was complete. Defendant also admitted that it was his responsibility to understand and to complete his probation.

## II. Analysis

Defendant claims the trial court erred in revoking his probation. Tennessee Code Annotated section 40-35-310 vests the trial court with the power to revoke a defendant's probation. The trial court must find by a preponderance of the evidence that the defendant has violated probation in order to revoke it. See T.C.A. § 40-35-311(e) (2006). When challenged on appeal, the standard for review is abuse of discretion by the trial court. See State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997). Our Supreme Court has held that this means that "if the record presents substantial evidence to support revocation, the trial court's action will be approved." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

In the instant case, there is ample evidence that Defendant violated the terms of his probation. On three separate occasions Defendant failed to adhere to the requirements of his probation. Defendant also admitted to violating the terms of his probation and that it was his responsibility to understand and follow the conditions. Accordingly, there was substantial evidence to revoke probation and the trial court was justified in revoking Defendant's probation.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE