IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

October 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,            )
                              )      C.C.A. No. 03C01-9811-CR-00413
        Appellee,             )
                              )      Knox County
v.                            )
                              )      Honorable Ray L. Jenkins, Judge
JOHN W. McBEE, JR., alias,    )
JOHN WARREN McBEE, alias,     )      (Probation Revocation)
JOHN WARREN McBEE, JR., alias, )
                              )
        Appellant.            )


FOR THE APPELLANT:                    FOR THE APPELLEE:

MARK E. STEPHENS                      PAUL G. SUMMERS
District Public Defender              Attorney General & Reporter

DAVID GALL                            TODD R. KELLEY
Assistant Public Defender             Assistant Attorney General
1209 Euclid Avenue                    425 Fifth Avenue North
Knoxville, TN  37921                  Nashville, TN  37243-0493

                                      RANDALL E. NICHOLS
                                      District Attorney General

                                      ZANE M. SCARLETT
                                      Assistant District Attorney General
                                      400 Main Street
                                      P. O. Box 1468
                                      Knoxville, TN  37901-1468


OPINION FILED: _____


AFFIRMED


ALAN E. GLENN, JUDGE

# O P I N I O N

The defendant, John W. McBee, Jr., entered guilty pleas to two counts of robbery in January 1997, in the Knox County Criminal Court. In one case, the trial court sentenced the defendant to six years, with nine months to be served in confinement followed by the remainder of the sentence on probation. In the other case, the defendant received a four-year suspended sentence and ten years of probation. These sentences were ordered to be served consecutively. In February 1997, the defendant entered a guilty plea in the Knox County Criminal Court to theft and received a one-year probationary sentence to be served consecutively to the previous probationary sentences. These probationary sentences were revoked in November 1998, following the issuance of a probation violation warrant, and the defendant was ordered to serve these sentences. He filed an appeal as of right, claiming that the trial court should not have revoked his probation. Based upon our review of the record, and of applicable law, we affirm the action of the trial court.

A probation violation warrant issued for the defendant on November 20, 1997, alleging that the defendant failed to report to his probation officer, the defendant failed to pay supervision fees and court costs, and that his place of employment had gone out of business. The warrant was later amended to include the allegation the defendant had been convicted of three additional thefts. The defendant was arrested and a probation revocation hearing was set for January 15, 1998. After the trial court released him on his own recognizance, the defendant failed to appear for the revocation hearing. Eight months later, the defendant was arrested and a revocation hearing was held on November 3, 1998. The defendant did not dispute the above alleged violations, but asked the trial court to consider an alternative to revocation.

The trial court revoked the defendant's probation and ordered him to serve the remainder of his sentence in confinement. The defendant timely appealed, listing one issue: whether the trial court erred in revoking the defendant's probation.

2

The standard of review upon an appeal of an order revoking probation is the abuse of discretion standard. In State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997), this Court stated that "if the record presents substantial evidence to support revocation, the trial court's action will be approved." Likewise, in State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991), cited in Stubblefield, the court said that "[i]n order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82. If the trial judge finds by a preponderance of the evidence that a probation violation has occurred, the court may revoke the defendant's probation. Tenn. Code Ann. § 40-35-311(e) (1997).

In the case *sub judice*, the defendant admitted that while on probation he was convicted of additional criminal offenses, he failed to report to his probation officer, and he failed to pay supervision and court costs. Further, he absconded and failed to appear for his revocation of probation hearing which was not held until eight months later, following his rearrest. Therefore, the trial court did not abuse its discretion by revoking the defendant's probation.

For the foregoing reasons, we affirm the decision of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE