IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE v. JOHN WINSTON McMURRY

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR 180-1999; CR 482-1999     Jane W. Wheatcraft, Judge**

_____

**No. M2001-03117-CCA-R3-CD - Filed March 19, 2003**

_____

The defendant's probation was revoked after his house was searched and a twelve-gauge shotgun was found inside. The defendant contends there was insufficient evidence to revoke his probation. The defendant contends the rules of probation and a police report were improperly admitted into evidence. Because the trial court is only required to find a violation of probation by a preponderance of the evidence, we affirm the trial court's revocation of probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

David R. Howard, Gallatin, Tennessee, for the appellant, John Winston McMurry.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Dee Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, John Winston McMurry, pled nolo contendere to two counts of sale of a Schedule II drug, cocaine less than .5 grams, Class C felonies. On June 12, 2000, the defendant was sentenced as a Range II multiple offender to six years on each count, to be served consecutively, and was placed on probation. On August 29, 2001, a probation violation warrant was issued against the defendant following his arrest for Unlawful Carrying or Possession of a Weapon as a Convicted Felon, a Class E felony. After a preliminary hearing in General Sessions Court, the defendant was bound over to the Sumner County Grand Jury. A probation violation hearing was held before the Grand Jury met, at which time the defendant's probation was revoked. The Sumner Count Grand Jury returned a no true bill after the defendant's probation was revoked. The defendant contends

there was insufficient evidence in which to revoke probation. The defendant contends the Rules of Probation and a police report were improperly admitted into evidence.

**Analysis**

A trial court may revoke probation upon a finding by a preponderance of the evidence that the defendant violated the conditions of his probation. Tenn. Code Ann. § 40-35-311(d) (1997). This Court will not disturb the decision of a trial court to revoke probation absent a finding of an abuse of discretion. To find an abuse of discretion, there must be no substantial evidence to support the conclusions of the trial court that a violation of the terms of probation has occurred. See State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 81 S.W.2d 79, 82 (Tenn. 1991)).

The probation violation warrant stated that the defendant violated "Rule #3: Offender was in possession of a firearm and ammunition." Officer Don Bandy testified at the probation revocation hearing that while searching the residence of the defendant and his brother, pursuant to a consent to search given by the defendant, he found a Remington model 1400 12-gauge shotgun and one 12-gauge round under the couch in the living room. The defendant offered no proof at the revocation hearing. Because the trial court may find a violation of probation occurred if a preponderance of the evidence exists, we conclude the finding of the trial court is supported by the testimony of Officer Bandy. See Tenn. Code Ann. § 40-35-311(d).

The defendant contends that Officer Bandy should not have been allowed to introduce the police report of Sergeant Sorrells into evidence at the revocation hearing. The record reflects Sergeant Sorrells' report included the defendant's admissions that the gun belonged to him and that he purchased the gun from an acquaintance. The decision to exclude or admit evidence is left to the discretion of the trial court. In reviewing such a decision, this Court may only disturb the trial court's decision if there has been an abuse of discretion. State v. Dubose, 953 S.W.2d 649, 652 (Tenn. 1997). We also recognize that hearsay evidence is admissible in a probation revocation hearing "so long as it is shown not to be so unreliable as to violate due process." State v. Wade, 863 S.W.2d 406, 409-10 (Tenn. 1993). In the instant case, this evidence was shown to be reliable because Officer Bandy searched the defendant's home and located the gun and ammunition. Officer Bandy knew Sergeant Sorrells interviewed the defendant concerning the gun. We conclude the record does not indicate the trial court improperly admitted this evidence.

The defendant argues the trial court abused its discretion in including the Rules of Probation in the record after the proceedings had come to a close. From the record, we conclude the trial court included the Rules of Probation to complete the record. The defendant was inherently put on notice that compliance with the criminal laws is a condition of probation. State v. Stubblefield, 953 S.W. 2d 223, 225 (Tenn. Crim. App. 1997). Furthermore, a trial court may take judicial notice of its own rules of probation. State v. Kenneth Lee Kendrick, 2002 Tenn. Crim. App. LEXIS 49, No. E2001-00817-CCA-R3-CD, Sullivan County (Tenn. Crim. App. filed January 23, 2002, at Knoxville).

Therefore, we conclude the trial court did not abuse its discretion by including the Rules of Probation into the record.

### <u>Conclusion</u>

For the above reasons, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE