IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 17, 2004

## STATE OF TENNESSEE v. FREEMAN ANTOINE HALE

**Appeal from the Criminal Court for Hamilton County
No. 232864 & 238201     Rebecca Stern, Judge**

---

**No. E2003-03009-CCA-R3-CD - Filed September 23, 2004**

---

The Appellant, Freeman Antoine Hale, appeals from the judgment of the Hamilton County Criminal Court revoking his community corrections sentences. Hale pled guilty to aggravated burglary and possession of cocaine with intent to sell and received an effective three-year sentence. As a result of these convictions, he was placed on intensive probation but, following violations of release, he was resentenced to community corrections. Hale then proceeded to violate his community corrections agreement, and the trial court ordered him to serve the remainder of his sentences in the Department of Correction. On appeal, Hale asserts that the evidence was insufficient to establish that the violations occurred. After review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Ardena J. Garth, District Public Defender, and Donna Robinson Miller, Assistant District Public Defender, Chattanooga, Tennessee, for the Appellant, Freeman Antoine Hale.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Seth P. Kestner, Assistant Attorney General; and Dave Denny, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The record presents a lengthy history of the Appellant's failed opportunities in the programs of judicial diversion, probation, and community corrections. In July 2000, the Appellant was granted judicial diversion and placed on three years probation following his guilty plea to aggravated burglary, a class C felony. Diversion was terminated following the Appellant's guilty plea to class C felony possession of cocaine with intent to sell. On March 11, 2002, judgment was entered on the

aggravated burglary conviction, and the Appellant received a three-year split-confinement sentence, which required service of 11 months and 29 days in the county workhouse to be followed by intensive probation. Also on March 11th, the Appellant pled guilty and was sentenced to three years of intensive probation for the class C felony possession of cocaine conviction.

The Appellant was released from the county workhouse and "reported to the probation office on September 4, 2002." Subsequently, a probation violation report was filed on November 19, 2002, alleging that the Appellant had violated the conditions of his probation. The report states:

> He enrolled in the Endeavors Program on September 20, 2002. He was terminated from the Endeavors Program on October 14, 2002 after testing positive for Marijuana twice . . . . He refused to get drug abuse counseling at CADAS and lied to the Officer by stating that he was attending substance abuse at Endeavors every Tuesday evening from 4:30 p.m. to 7:00 p.m. According to Endeavors he has failed to attend one session. Although he reports to the probation office as instructed, he failed to be in his home by 6:00 p.m., which violates his curfew.

Apparently, based upon these probation violations, the trial court ordered placement of the Appellant in the Community Corrections Program on January 23, 2003.

On October 1, 2003, the trial court ordered that a *capias* issue for the Appellant's arrest because he "failed to comply with the Community Corrections Program by . . . OBTAINING NEW ARRESTS[.]" A revocation hearing was held on November 17, 2003.

Chris Jackson of the Hamilton County Community Corrections Program testified that the Appellant failed to report a June 24th arrest for resisting arrest and a September 9th arrest for domestic assault. After confronting the Appellant about any "contact with the police" he may have had, the Appellant admitted the June 24th arrest; however, the September 9th arrest was never reported or acknowledged. At the hearing, the Appellant admitted that he was convicted of resisting arrest, resulting in a sentence of "two public work days" and payment of a fine. The Appellant also admitted that he "[d]idn't work the two work days." Additionally, the Appellant testified that he was convicted of domestic assault and received a sentence of 11 months and 29 days, which was suspended after service of 30 days. He stated that he "did fifteen days and that was on the 9th of October."

Following this proof, the trial court revoked the Appellant's community corrections sentences and ordered that the remainder of the Appellant's three-year sentence be served in the Department of Correction. The trial court specifically found that the Appellant "has violated the Community Corrections by being convicted of resisting, stop, frisk, halt, arrest or search, and for being convicted of domestic assault and not reporting either one." This timely appeal followed.

## ANALYSIS

The Appellant raises the single issue of whether there was sufficient evidence presented at the hearing to support the trial court's finding that he violated his community corrections agreement. Upon finding, by a preponderance of the evidence, that the Appellant violated the conditions of his agreement, the trial court possessed the power to revoke the Appellant's placement in the Community Corrections Program and cause execution of the original judgment as it was entered. Tenn. Code Ann. § 40-36-106(e)(4) (2003). This court reviews a revocation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App.1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court exercised conscientious judgment in determining that there was substantial evidence to establish that a violation occurred.

After review, we find that the proof presented clearly established the Appellant did in fact violate his Behavioral Community Corrections Agreement Contract. Chris Jackson, the Appellant's case officer, testified that the Appellant was convicted of resisting arrest and was sentenced to "a couple public work days[.]" Moreover, Jackson testified that the Appellant did not report the domestic assault charge. The Appellant admitted that he was convicted of resisting arrest and domestic assault. However, he claimed that he should be given another chance because

> I really do need one. I really didn't try to catch these two charges. I just went on - - you know what I'm saying, because my witnesses that I had for these two charges, they didn't even show up the two times I went to court for these two charges. I knew the Judge would have thrown them out if my witnesses would have came.

The Appellant has provided no evidence in support of this contention. Additionally, the Appellant claimed that he did not report the domestic assault charge because he "[f]orgot all about it." The Appellant's explanations as to why he should not be revoked from his community corrections status are implausible. Accordingly, we conclude that the trial court exercised conscientious judgment in determining that there was substantial evidence to establish the violations occurred. The Appellant's conduct demonstrates that he is ill-suited for a sentence involving release in the community. The Appellant has blatantly rejected all attempts at rehabilitation. In light of the Appellant's refusal to comply with the program requirements, the trial court was clearly within its authority to order revocation of the Appellant's placement in the Community Corrections Program.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in ordering revocation of the Appellant's community corrections sentences. Accordingly, the judgment of the Hamilton County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE