IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2005

### STATE OF TENNESSEE v. ROGER ALAN LAWSON

**Appeal from the Criminal Court for Sullivan County
Nos. S43,082; S45,638     Phyllis H. Miller, Judge**

---

**No. E2005-01388-CCA-R3-CD - Filed March 22, 2006**

---

The Appellant, Roger Alan Lawson, appeals the sentencing decision of the Sullivan County Criminal Court following the revocation of his suspended sentences. While on supervised probation, a violation warrant was issued alleging that Lawson had failed to obey the law by driving on a revoked license. After a revocation hearing, Lawson was found to be in violation of his probation, and his original effective eight-year sentence to the Department of Correction was reinstated. On appeal, Lawson argues that the trial court abused its discretion by ordering confinement of the eight-year sentence instead of reinstating his probation. After review, we find no error and affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

William A. Kennedy, Assistant Public Defender, Blountville, Tennessee, for the Appellant, Roger Alan Lawson.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Barry P. Staubus, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

On January 9, 2002, the Appellant pled guilty to violation of the Motor Vehicle Habitual Offender Act and sexual battery and received two consecutive four-year Department of Correction sentences as a Range II offender. The Appellant's effective eight-year sentence was suspended, and he was placed on supervised probation. On November 10, 2003, a violation warrant issued alleging that the Appellant had violated the terms of his probation by committing the offense of driving on a revoked license on July 17, 2004. During the May 27, 2005 revocation hearing, the Appellant pled

"no contest" to violation of probation. At the hearing, the Appellant requested that the court not require him to serve the sentences in confinement because he had substantially complied with the terms of his probation, his actions were appropriate under the circumstances, and he desired to maintain employment.

At the revocation hearing, the Appellant testified that he worked as a plumber for a construction company, and, on the evening of July 17, 2004, Rick Rogers was transporting him from one work site to another in Sullivan County when he noticed that Rogers had drunk several beers and was crossing in front of direct traffic and weaving off the road. The Appellant asked Rogers to pull the van over, and the two switched seats so that the Appellant could drive Rogers' van. After the Appellant had driven the van approximately a mile to a mile and a half, Officer Jeff Johnson initiated a traffic stop after the van had crossed the center line three times. The Appellant testified that he was unfamiliar with driving the older model van and had attempted to call another individual to pick them up. He admitted that he lied to Officer Johnson when he identified himself as his brother, Ronnie Lawson, and that he handed Officer Johnson the driver license of his passenger. At the conclusion of the revocation hearing, the trial court denied the Appellant's request, ordering that the eight-year effective sentence be served in the Department of Correction.

**Analysis**

As his sole issue on appeal, the Appellant argues that the trial court erred in revoking his sentences and ordering that they be served in confinement. He asserts that although he did not complete his probation, he substantially complied with its terms by completing sex offender counseling, regularly attending family counseling, and maintaining employment. He further submits that his actions on July 17, 2004, "were appropriate under the circumstances. He stopped an impaired driver from driving." The State contends that the trial court acted properly in ordering that the Appellant serve his sentences in confinement because the Appellant admitted that he had no driver license, that he was driving when he was under an order not to do so, and that he lied to Officer Johnson when he gave his brother's name as his.

This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the evidence need only show that the trial judge has exercised conscientious and intelligent judgment in making the decision rather than acting arbitrarily. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised conscientious judgment. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of his probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. T.C.A § 40-35-311(e) (2003).

In this case, the Appellant admitted violating the condition of probation. Regardless of the Appellant's substantial compliance with the imposed conditions of probation and the circumstances offered in mitigation for his conduct, it nonetheless remains that the Appellant breached his agreement that he would obey the law. Because the trial court was authorized to revoke probation, no abuse of discretion is shown.

## CONCLUSION

Based upon the forgoing, we affirm the judgment of the Sullivan County Criminal Court.


_____

DAVID G. HAYES, JUDGE