# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2007

## STATE OF TENNESSEE v. LAMONT CHRISTOPHER BROWN

### Appeal from the Circuit Court for Madison County
### No. 05-123     Donald Allen, Judge

### No. W2007-00827-CCA-R3-CD  - Filed March 18, 2008

The Appellant, Lamont Christopher Brown,[1] appeals the order of the Madison County Circuit Court revoking his probation.  In January 2006, in two separate cases, Brown entered guilty pleas to misdemeanor possession of cocaine, misdemeanor possession of a Schedule IV controlled substance, Class C felony sale of cocaine, and two counts of Class B sale of .5 grams or more of cocaine and received an effective sentence of ten years in the Department of Correction.  The sentences were suspended, and Brown was placed on supervised probation.  In September 2006, a probation violation warrant was filed, in both cases, alleging numerous violations of the terms of Brown's probation.  Following a hearing, Brown's probation was revoked, resulting in the reinstatement of his original sentences, which were ordered to be served in confinement.  On appeal, Brown argues that "the trial court erred in revoking [Brown's] probation and ordering that [Brown] serve his sentence."  Finding no abuse of discretion, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Gregory D. Gookin, Jackson, Tennessee, for the Appellant, Lamont Christopher Brown.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Elaine Wilber, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1]Both the Appellant and his probation officer testified that the Appellant's name is Christopher Lamont Brown; however, the indictment in the case charges the Appellant under the name Lamont Christopher Brown.

# OPINION

## Procedural History

The Appellant's suspended sentences, which are the subject of this appeal, resulted from his guilty pleas in two separate cases. In case 05-123, the Appellant pled guilty to possession of cocaine and possession of a Schedule IV controlled substance, both Class A misdemeanors, and received concurrent sentences of eleven months and twenty-nine days. In case 05-208, the Appellant pled guilty to the sale of cocaine, a Class C felony, and to two counts of the sale of cocaine greater than .5 grams, Class B felonies. For these convictions, Brown received concurrent sentences of six years for the Class C felony conviction and ten years for each Class B felony conviction. As provided by the plea agreement, the sentences in the two cases were ordered to run concurrently for an effective sentence of ten years. The Appellant's sentences were suspended, and he was placed on supervised probation.[2]

On September 15, 2006, a probation violation warrant was issued in each case, which alleged the following rules were violated:

1. I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances.

2. I will report all arrests, including traffic violations immediately, regardless of the outcome, to my Probation Officer.

5. I will inform my Probation Officer before changing my residence or employment. I will get the permission of my Probation Officer before leaving the county of my residence or the State.

6. I will allow my Probation Officer to visit my home, employment site, or elsewhere, will carry out all instructions he or she gives, will report to my Probation Officer as instructed; . . . .

8. I will not use intoxicants (beer, whiskey, wine, etc.) of any kind to excess, or use or have in my possession narcotic drugs or marijuana. . . .

10. I will observe any special conditions imposed by the Court as listed below: Pay $170 to Metro Narcotics Unit within 60 days of plea. Submit to random monthly drug screens. Seek an A&D assessment & follow recommendations. . . .

A revocation hearing was held on March 26, 2007, at which the Appellant, his probation officer, and a Jackson police officer testified. Tina Gosson, the Appellant's probation officer,

---

[2]The Appellant erroneously asserts that he "was placed on Community Corrections probation."

testified that she was assigned supervision of the Appellant in "December of 2005." Gosson stated that the Appellant was arrested by the Jackson Police Department on September 14, 2006, for "possession of crack with intent."[3] She further related that this arrest was not reported by the Appellant until November 27, 2006, when he contacted her by phone and also related to her during this conversation that he was living with his sister in Memphis. The Appellant was instructed to return to Madison County because a violation warrant had been issued for his arrest. Gosson further stated that she had received a phone call from a person, purporting to be the Appellant's girlfriend several days prior to his September 14th arrest, informing her that the Appellant had moved to a different residence. Gosson testified that the Appellant's relocation to Shelby County was made without her knowledge or permission. Moreover, Gosson testified that the Appellant had failed to pay $170 to Metro Narcotics, as provided by the special conditions of his supervision, and had failed to seek an alcohol and drug assessment as directed. Finally, Gosson testified that the Appellant had only reported to her once a month instead of twice a month as ordered and that he stopped reporting altogether after August 24, 2006.

Officer James of the Jackson Police Department testified that he arrested the Appellant on September 14, 2006, after receiving information that the Appellant was possibly involved in drug activity. On the morning of the 14th, James spotted the vehicle matching the description given, as belonging to the Appellant, verified the tag number, and noted two black males occupying the vehicle. He initiated a traffic stop and instructed the driver of the vehicle, later identified as Ty Glenn, to exit the vehicle. While James was verifying the information, Glenn jumped back into the vehicle and drove away. Prior to this, the Appellant, who was in the passenger seat, exited the vehicle and surrendered to James. Approximately five minutes later, officers found the Appellant's vehicle, which Glenn had abandoned, and discovered crack cocaine in the passenger seat of the car. Based upon these facts, the Appellant was arrested for possession of cocaine.

The Appellant was called as a witness at the hearing, but he elected not to present testimony with regard to his pending drug charge. The Appellant admitted that he had not paid his court-ordered restitution to Metro Narcotics and had failed to obtain an alcohol and drug assessment because he did not have the funds to pay either the restitution or the assessment fee. According to the Appellant, he had worked for one or two months after being placed on supervision, but he voluntarily terminated his employment because he was not "getting along" with his supervisor. He then worked at the Humane Society and explained "it wasn't paying really nothing," and he was "just trying to pay what [he] could." The Appellant admitted that he was instructed to report twice a month to his probation officer and that he had failed to report as ordered but explained Gosson didn't have "no problem about that . . . until I got arrested." He further asserted that he had called Gosson on the Monday following his arrest and reported the new arrest charges. The Appellant denied that he had moved without permission and asserted that his girlfriend had lied to Gosson because she was mad at him.

---

[3]At the time of the revocation hearing, the Appellant was under indictment for the drug charge; however, the case was still pending in the Madison County Circuit Court.

After hearing the evidence presented, the trial court found that the Appellant was in violation of Rule 1, in that the proof established that the Appellant, on September 14, 2006, had violated the law while on probation; Rule 2, that he had failed to report his arrest in a reasonable amount of time; Rule 5, that he had changed his residence without permission; Rule 8, that he was in possession of narcotic drugs; and Rule 10, that he had failed to pay $170 to Metro Narcotics and that he had failed to seek alcohol and drug assessment as ordered. The court further found that the Appellant had the ability to pay the restitution as imposed, as well as the fee required for alcohol and drug assessment. Based upon these findings, the trial court revoked the Appellant's probation and ordered that his effective ten-year sentence be served in confinement. This timely appeal followed.

**Analysis**

On appeal, the Appellant asserts that the trial court erred in revoking his probation and ordering that his sentence be served in the Department of Correction. The Appellant's entire argument, other than a recitation of the relevant revocation law, is as follows:

> In the instant case, the trial court erred in revoking [the] Appellant's sentence. The testimony from Office James revealed that [the] Appellant complied with the officer, and cocaine was not found until the driver exited the vehicle for a second time after fleeing the initial stop. In addition, [the] Appellant did report once per month to his probation officer, even though he was ordered to report twice per month. Finally, [the] Appellant stated that he did not have sufficient funds to pay restitution or obtain alcohol and drug assessment.

A trial court may revoke probation and order imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-310, -311 (2006); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the trial court will be affirmed unless the record contains no substantial evidence to support the conclusion of the trial court. *Harkins*, 811 S.W.2d at 82. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. T.C.A.§ 40-35-311(e). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82.

On appeal, the Appellant's argument focuses almost entirely upon his assertion that the evidence is insufficient to support a violation of Rule 1, failure to follow the law, and Rule 8, possession of narcotic drugs. This argument ignores the trial court's findings of a violation of Rule 2, failure to report arrest; Rule 5, changing residence without permission; Rule 6, failure to report

-4-

as instructed, which the Appellant admits; and Rule 10, failure to pay restitution and "seek A and D assessment." With regard to this latter violation, the trial court specifically found that the Appellant's failure to pay the ordered restitution and assessment fee stemmed from his refusal to pay, as opposed to his inability to pay. *See State v. Dye*, 715 S.W.2d 36, 40 (Tenn. 1986). Any one of these rule violations standing alone is sufficient to support revocation; thus, the Appellant has essentially conceded an adequate basis for finding that he violated the terms of his probation. As noted, upon finding that any violation occurred, the trial court was authorized to revoke the Appellant's probation. *See* T.C.A. § 40-35-311(d). Thus, we find no abuse of discretion in the trial court's decision.

## CONCLUSION

Based upon the foregoing, the revocation of the Appellant's probation by the Madison County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE