IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2009

## STATE OF TENNESSEE v. DAVID F. HENNING

### Direct Appeal from the Circuit Court for Dyer County
No. C06-205     Russell Lee Moore, Jr., Judge

---

### No. W2008-00964-CCA-R3-CD  - Filed April 16, 2009

---

The defendant, David F. Henning, appeals the order of the Dyer County Circuit Court revoking his probation. The defendant pled guilty to aggravated assault, a Class C felony, and received a three-year sentence, suspended to supervised probation except for ninety days to be served in the county jail. Subsequently, a probation violation warrant was filed, alleging numerous violations of the terms of the defendant's probation. Following a hearing, his probation was revoked, and he was ordered to serve the balance of his sentence in the Department of Correction. On appeal, the defendant argues that the trial court abused it discretion when it found that he had violated the terms of his probation. Finding no abuse of discretion, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

James E. Lanier, District Public Defender, and H. Tod Taylor, Assistant Public Defender, for the appellant, David F. Henning.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen W. Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

Pursuant to a negotiated plea agreement, the defendant pled guilty to one count of aggravated assault and received a three-year sentence, which was suspended to supervised probation following the service of ninety days in the county jail. Subsequently, a probation violation warrant was issued, alleging multiple violations of the terms of probation, including: (1) failure to provide verification of employment or employment searches; (2) failure to report to his probation officer; (3) testing

positive for drugs; (4) failing to pay fees and costs; and (5) failing to provide a DNA sample as ordered.

A probation violation hearing was held at which the defendant and his probation officer testified. Gloria Pounders, the defendant's probation officer, testified that she met with the defendant and reviewed all applicable rules with him. According to Pounders, the defendant failed to submit any proof that he was seeking or had found employment during the entire time of his supervision. She also testified that he failed to report as ordered in February, March, July, August, and September of 2007. She further testified that in January 2007, the defendant tested positive for cocaine and signed an admittance form to that effect. She also stated that, though he was not tested on that date, the defendant admitted using marijuana in June 2007. She gave testimony that the defendant had failed to pay any of his probation fees and was in arrears for $450. Finally, she testified that, although he had since submitted the sample after the filing of the violation report, the defendant had failed to give a DNA sample as ordered.

The defendant testified that he had been shot in May 2007 and had to spend eight days in the hospital. He stated that, due to trauma of that event, he was afraid to leave his house. He acknowledged that he had failed to seek employment because his doctor had informed him that he would be unable to do anything for a year, as his lungs were not properly healed after the shooting. He also admitted failing to report to his probation officer but stated that it was because of his fear of leaving his home. He testified that, following the gunshot wound, he occasionally used drugs as pain medication. Finally, the petitioner acknowledged that he had paid no probation fees because he did not have the money. He admitted that he had committed the violations but testified that he wanted "to get back on track."

After hearing the evidence presented, the trial court found that the defendant had violated the terms and conditions of his probation, revoked the sentence, and ordered that the balance of the sentence be served in the Department of Correction. The defendant filed timely notice of appeal.

**Analysis**

On appeal, the defendant argues that the trial court abused it discretion when it found that he had violated the terms of his probation. A trial court may revoke probation and order imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-310, -311 (2006); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the trial court will be affirmed unless the record contains no substantial evidence to support the conclusion of the trial court. *Harkins*, 811 S.W.2d at 82. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered.

T.C.A. § 40-35-311(e). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82.

In revoking the defendant's probation, the trial court found as follows:

> You were placed on supervised probation , but . . . it appears to the Court you [have not] paid much attention to your probation. The truth of the matter is you [have not] been on probation for two years. I would not and - - I know what your education background is. I know what your situation is, . . . and I would not violate you due to the fact that you have not gotten a job. . . .
>
> . . . .
>
> But you've done nothing that you were supposed to do. [You are] not reporting. [You have a] positive drug screen. You [would not] . . . go get the DNA specimen. You simply have violated pretty well all the rules of probation.

On appeal, the defendant does not argue with the trial court's conclusions that multiple rules were violated. Rather, he simply asserts that his violations should be excused. He argues that his gunshot injury prevented him from seeking gainful employment and paying his probation fees, as well as made him afraid to leave his house which prevented him from reporting to his probation officer. He further asserts that his indigence and lack of transportation help to explain his need to self-medicate with illegal substances. According to the defendant, "[t]o any rational observer, being unable to visit a physician on a regular basis after a gunshot and being too poor to afford the needed medication to alleviate the pain obviously associated with a gunshot wound would necessitate that an indigent person resort to self-medication."

As noted, the defendant does not deny that multiple violations of the terms and conditions of his probation were violated. He acknowledged his use of illegal drugs and his failures to report, to find gainful employment, or to pay his fees. Any one of the rule violations, standing alone, is sufficient to support revocation; thus, the defendant has essentially conceded an adequate basis for finding that he violated the terms of his probation. As such, we cannot conclude that there is not substantial evidence in the record to support the trial court's conclusion. It is not the province of this court to consider justifications as reasons for probation violations, as the evidence was best weighed by the trial court. As noted, upon finding that any violation occurred, the trial court was authorized to revoke the defendant's probation. *See* T.C.A. § 40-35-311(d). Thus, we find no abuse of discretion in the trial court's decision.

**CONCLUSION**

Based upon the foregoing, the revocation of probation by the Dyer County Circuit Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE