IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2009

## STATE OF TENNESSEE v. DAN MATUREN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-08061     Chris Craft, Judge**

**No. W2008-01443-CCA-R3-CD  - Filed June 12, 2009**

The defendant, Dan Maturen, appeals the order of the Shelby County Criminal Court revoking his probation. The defendant, pursuant to a negotiated plea agreement, pled guilty to aggravated burglary, a Class C felony, and received a four-year suspended sentence. Subsequently, a probation violation warrant was filed alleging that the defendant had violated the terms and conditions of his probation. Following a hearing, his probation was revoked, and he was ordered to serve the balance of his sentence. On appeal, although conceding that he violated the conditions of probation, the defendant argues that the State's interests in punishment, deterrence, and insuring restitution to victims would be best served by reinstating his probation. Finding no abuse of discretion in the revocation, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Robert Wilson Jones, District Public Defender, and Garland Ergüden and Dianne Thackery, Assistant Public Defenders, for the appellant, Dan Maturen.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

Pursuant to a negotiated plea agreement, the defendant pled guilty to aggravated burglary and received a four-year sentence, suspended to probation. In addition to the standard conditions of probation, special conditions were also ordered, those being that the defendant follow all conditions of the Lighthouse Ministries recovery program, pay restitution in the amount of $222, and obtain a GED or provide proof of such to his probation officer. Subsequently, a probation violation warrant

was issued on September 27, 2007. We note at this juncture that the violation warrant included in the record is unclear as to what the allegations against the defendant were, as the affidavit of the violation of probation references a document which is not included in the appellate record.[1]

The defendant's whereabouts remained unknown until he was arrested on the violation warrant on June 9, 2008. After that date, a probation violation hearing was held at which only the defendant and his probation officer testified. Candice Bridges, the defendant's probation officer, testified that the defendant was originally assigned to Officer Paula Perrin, who later left the employ of the Department of Probation and Parole. Upon reviewing the notes in the file and contacting Lighthouse Ministries, Officer Bridges determined that the defendant left the facility voluntarily on July 28, 2006, without completing the program. She did acknowledge, however, that the notes in the probation file left by Officer Perrin indicated that the defendant had remained in the program until April 2007. However, she obtained a copy of the voluntary exit papers signed by the defendant indicating he had left after approximately ninety days. Officer Bridges further testified that there was no indication in the file that the defendant had made any restitution payments or obtained a GED.

The defendant testified and admitted that he left Lighthouse Ministries in July of 2006. However, he testified that Officer Perrin had informed him that, because he did not have a drug conviction, he was only required to complete ninety days of the program. The defendant also testified that he obtained a GED in 1996 and that he had given this information to Officer Perrin, whom he stated informed him that she would obtain verification from the Board of Education. The defendant acknowledged that he had failed to pay any restitution as ordered by the court. He stated, however, that he had been working consistently since he left Lighthouse Ministries and would be able to pay the entire balance of restitution due if he was allowed to remain on probation. He testified that it simply "slip[ped] his mind" until this point. On cross-examination, the defendant acknowledged that he had previously been on probation and parole and was aware of the requirements. He also acknowledged that the trial court had specifically informed him that he was required to complete the Lighthouse Ministries program. Finally, in response to questioning, he acknowledged that he was unable to provide proof that he had obtained his GED.

After hearing the testimony presented, the trial court found that the defendant had violated the terms and conditions of his probation, specifically that he had failed to complete the Lighthouse Ministries program as instructed, pay restitution, and provide proof of his obtaining a GED. The trial court noted that the defendant had been out several months prior to his arrest on the violation warrant, giving him ample time to pay the restitution and provide proof of his GED. As such, the court revoked the defendant's probation and reinstated his four-year sentence. The defendant timely appeals the revocation.

---

[1] The defendant contends in his brief that only his failure to complete the Lighthouse Ministries Program was alleged as a violation. However, at the violation hearing, the defendant's attorney noted that the failure to pay restitution was alleged in the petition. Because the issue of notice has not been raised, we assume that the defendant received adequate notice of the alleged violations to insure that due process was satisfied.

**Analysis**

A trial court may revoke probation and order imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311 (2006); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the trial court will be affirmed unless the record contains no substantial evidence to support the conclusion of the trial court. *Harkins*, 811 S.W.2d at 82. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. T.C.A. § 40-35-311(e). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82. Additionally, before revoking probation for failure to pay restitution, the trial court is required to find on the record that: (1) nonpayment was willful; and (2) alternatives to incarceration are inadequate to meet the State's interests in punishment, deterrence, and insuring restitution to the victims. *State v. Dye*, 715 S.W.2d 36 (Tenn. 1986). This court has also previously held that "[o]nly one basis for revocation is necessary." *State v. Alonzo Chatman*, No. E2000-03123-CCA-R3-CD (Tenn. Crim. App, at Knoxville, Oct. 5, 2001).

On appeal, the defendant "concedes the reasonableness of the trial court's finding that the failure to pay restitution was willful" and "that he left Lighthouse Ministries without completing the program." Nonetheless, he argues that because "he had no other complaints from Lighthouse, obtained and maintained steady employment, picked up no new charges, and had been incarcerated since June 2008, . . . the State's interests in punishment, deterrence and insuring restitution would be best served by a reinstatement of probation." However, this argument appears to ignore the standard of review which this court must use in reviewing revocations of probation, that being if the record contains substantial evidence to support the trial court's conclusion that a violation occurred, we must affirm the judgment.

A review of the record reveals that the probation officer specifically testified that the defendant had violated the terms and conditions of his probation by failing to complete the recovery program, pay restitution, and obtain or show proof of a GED. The defendant conceded in his testimony that he had failed to comply with these special conditions of his probation; thus, he essentially conceded an adequate basis for finding that he violated the terms of his probation. As such, the defendant has not shown that there was not substantial evidence in the record to support the trial court's conclusion that the defendant violated his probation. The defendant's reasons or excuses for failing to comply with the terms are irrelevant to the issue of whether the violations occurred, the standard by which we review revocations of probation. The defendant testified before the trial court as to his reasons, and it is not the province of this court to consider justifications for probation revocation as that is evidence best weighed by the trial court. As noted, upon finding that any violation occurred, the trial court was authorized to revoke the defendant's probation. *See* T.C.A. § 40-35-311(d). Thus, we find no abuse of discretion in the trial court's decision.

## CONCLUSION

Based upon the foregoing, the revocation of probation by the Shelby County Criminal Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE