# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 10, 2009

## STATE OF TENNESSEE v. LOROY SALTER

### Direct Appeal from the Circuit Court for Dyer County
### No. 09-CR-1    Russell Lee Moore, Jr., Judge

### No. W2009-00981-CCA-R3-CD  - Filed December 23, 2009

The defendant, Loroy Salter, was found to be in violation of his probationary sentence in the Dyersburg City Court and was sentenced to twenty days in jail and ninety days of community service. The defendant subsequently appealed the decision to the Dyer County Circuit Court, which affirmed the violation and the resulting sentence. On appeal, the defendant contends that the trial court abused its discretion in ordering revocation, based upon the defendant's failure to pay costs and fines, without conducting a hearing on his ability to pay. Following review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Noel H. Riley, II, Dyersburg, Tennessee, for the appellant, Loroy Salter.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

The defendant was placed on probation in the Dyersburg City Court following his convictions for multiple misdemeanors. A violation warrant was filed against the defendant, and the city court judge revoked his sentence and ordered him to serve twenty days in jail and ninety days of community service. The defendant appealed that decision to the Dyer County Circuit Court, and a full hearing was held on the matter. The defendant's probation officer, Sam Helm, testified that this was the defendant's third violation of probation. After being placed on probation, the defendant received new charges for violation of the check law and failure to appear. The instant violation was based upon the defendant's failure to make payments toward his $1800 balance of fines and costs

and his failure to report as ordered. Mr. Helm stated that in the previous twelve months, the defendant had reported only five times despite being ordered to report once a month.

Mr. Helm testified that when the violations were filed, the defendant's "basic routine was to come in right before court, tell [him]he didn't have a job or he couldn't pay." Immediately prior to the hearing in city court, the defendant came in and paid $1 toward his fines. Mr. Helm stated that the defendant had a balance of $1819.64 and that he had only paid $109.

The defendant also testified and, in contradiction, stated that he had reported "every month" and never missed any report dates. He acknowledged that he had paid only $109 but stated that it was because he had lost his job and because he was caring for his five children. He stated that he made payments when he had the money. He further related that he was not presently employed, although he had been seeking employment. When asked, the defendant acknowledged that only one of his children lived with him, that he was ordered to pay support on the others, and that he was in arrears "between 18 and 19 thousand" dollars.

After hearing the evidence presented, the trial court affirmed the city court's revocation of probation and resulting sentence. The defendant has timely appealed that decision.

**Analysis**

On appeal, the defendant raises the single issue of whether the trial court abused its discretion in affirming the probation revocation. A trial court may revoke probation and order imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-310, -311 (2006); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the trial court will be affirmed unless the record contains no substantial evidence to support the conclusion of the trial court. *Harkins*, 811 S.W.2d at 82. If the trial court finds by a preponderance of the evidence that the defendant has violated a condition of probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. T.C.A. § 40-35-311(e). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82.

On appeal, the defendant contends that the trial court acted arbitrarily in revoking his probation because the court did "not have the authority to require that the defendant secure or pay the costs accrued in the case at the instance of the state before a hearing on the defendant's petition for a suspension of sentence and probation was held. . . ." He argues that the court "relied heavily upon the fact that costs and fines had not [been] paid in clear contradiction of the statute." In its findings of fact on the record, the trial court stated as follows:

[Y]ou've taken very lightly your violation probation - - and your probation requirements, and you've treated it very cavalierly, in fact you've pretty well ignored being on probation. The Court finds that you have violated your probation. The Court finds it to be a willful violation. You've made no effort to do what you're supposed to do. Quiet frankly, if this were a case in my court, I would violate you in full.

Though somewhat unclear, we assume that the defendant's argument is based upon the statutory law, which was repealed, that prohibited payment of court costs as a condition of probation. T.C.A. § 40-2901 (repealed). However, current law states that the court may lawfully make the payment of the fines and costs a condition of probation. *State v. Perry Eugene Wallace*, No. 01C01-9306-CC-00171 (Tenn. Crim. App., Dec. 2, 1993). The law further allows that probation may be revoked for nonpayment if the defendant willfully refuses to pay or does not make sufficient bona fide efforts to acquire the resources to pay. *State v. Dye*, 715 S.W.2d 36, 40-41 (Tenn. 1986).

The defendant also seems to assert that the court erred in failing to make a finding that the defendant's nonpayment was not willful because of the defendant's financial status. However, in this case, the trial court made a specific finding that the defendant had made "no effort" to make payments toward his costs. The probation officer testified that, since the violation in February of 2008, the defendant paid only $109 toward the balance and paid a total of $1 the last time payment was made. This is sufficient to support the trial court's failure that the defendant had willfully refused to pay.

Moreover, the defendant's argument ignores the existence of a second independent basis for finding that a violation had occurred. The probation officer testified that the defendant had failed to report as ordered. The trial court's findings that the defendant had "taken very lightly . . . [his] probation requirements" impliedly addresses this, and we agree that nothing preponderates against this finding. Thus, even if the court had erred in relying upon the defendant's failure to pay to support the revocation, this separate and distinct violation is more than sufficient to support revocation. *State v. Bobby Simmons*, No. 01C01-9803-CC-00127 (Tenn. Crim. App. at Nashville, Jan. 29, 1999). We find no abuse of discretion in the decision.

## CONCLUSION

Based upon the foregoing, the decision of the Dyer County Circuit Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE