# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 27, 2011 Session

## STATE OF TENNESSEE v. JONATHAN SCOTT FLYNN

**Direct Appeal from the Criminal Court for Knox County**
**No. 91245, 92306    Richard R. Baumgartner, Judge**

---

**No. E2011-00488-CCA-R3-CD - Filed September 23, 2011**

---

On August 6, 2009, the defendant pleaded guilty in case number 92306 to theft over $1,000, a Class D felony, in exchange for a sentence of two years in the Tennessee Department of Correction as a Range I, standard offender. The defendant was released on December 20, 2009, and placed on supervised probation. On March 12, 2010, the defendant pleaded guilty in case number 91245 to theft over $10,000, a Class C felony, in exchange for a sentence of six years in the Tennessee Department of Correction as a Range II, multiple offender. The trial court suspended the defendant's sentence in 91245 and placed the defendant on probation. On November 8, 2010, the trial court revoked the defendant's probation and ordered him to serve his sentences in confinement. On appeal, the defendant argues that the court abused its discretion in revoking the defendant's probation, alleging that the record does not demonstrate that the defendant was in violation of his probation. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined and J.C. MCLIN, J., (not participating).[1]

Wesley Daniel Stone, Knoxville, Tennessee, for the Defendant-Appellant, Jonathan Scott Flynn.

---

[1]This case was originally assigned to our colleague and friend, Judge J.C. McLin. After Judge McLin's untimely death on September 3, 2011, the case was re-assigned. Prior to his death, Judge McLin and his staff had done extensive work on this case. We have utilized much of that work, incorporated it into this opinion, and take this opportunity to acknowledge the faithful service of Judge McLin to this Court.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Kenneth F. Irvine, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Background

On March 31, 2009, a Knox County grand jury indicted the defendant in case number 91245 on seven counts: theft over $10,000, a Class C felony; evading arrest in a motor vehicle, a Class E felony; violation of the one-way traffic law, a Class C misdemeanor; three Class B misdemeanor violations of the driver's license law; and one Class C misdemeanor violation of the driver's license law. On March 12, 2010, the defendant pleaded guilty to theft of property over $10,000 in exchange for a recommended sentence of six years in the Tennessee Department of Correction as a Range II, multiple offender, and the dismissal of the remaining charges. The trial court accepted his plea and sentenced him to six years as a Range II, multiple offender, suspending all but one day of the sentence.

On August 6, 2009, the district attorney general charged the defendant by criminal information on one count of theft over $1,000, a Class D felony. That same day, the defendant pleaded guilty to theft in exchange for a sentence of two years as a Range I, standard offender in the Tennessee Department of Correction. The defendant was incarcerated until December 20, 2009, when the Board of Probation and Parole placed him on supervised probation until May 15, 2011.

On June 10, 2010, a probation officer filed an affidavit alleging that the defendant violated probation in the following ways: (1) the defendant was arrested in Knox County on May 28, 2010, for possession of legend drug without prescription, possession of drug paraphernalia, possession of burglary tools, and public intoxication; (2) the defendant did not report the arrest to his probation officer as instructed; (3) the defendant did not provide proof of employment; (4) the defendant changed his residence without permission of his probation officer; (5) by changing his address, the defendant did not allow the probation officer to visit his home; (6) the defendant did not report to probation as instructed and last reported on March 10, 2010; (7) the defendant used intoxicants to excess as shown by his arrest for public intoxication; (8) the defendant failed drug screens for cocaine and opiates on March 10, 2010; (9) the defendant failed to show proof of payment on probation fees, court costs, fines, and restitution; and (10) the defendant failed to show proof of community service work.

Based on the warrant issued by the court in light of the probation violation report, the authorities took the defendant into custody. The trial court referred the defendant to the Knox County Detention Facility's intensive treatment program. On August 10, 2010, the court released the defendant on his own recognizance to allow him to enter New Hope Mercy House's treatment program. The court entered an order on August 18, 2010, stating that "the defendant shall attend and complete the treatment program at New Hope Mercy House."

On October 14, 2010, the probation officer amended the violation report to include additional violations. The report alleged that the defendant engaged in assaultive, abusive, threatening, and intimidating behavior in a manner that posed a threat to others and that he failed to complete a court ordered treatment program because the New Hope Mercy House evicted him. The report stated that the New Hope Mercy House evicted him because he admitted to using morphine, refused to submit to a urine test, and initiated a physical altercation with another student.

The court held a probation revocation hearing on November 5, 2010. Probation Officer Janice Whitt listed the defendant's violations from the affidavit entered June 10, 2010, and its amendment. Officer Whitt additionally testified that the defendant waited four days before contacting her about his eviction from New Hope Mercy House. When he called, he told her that New Hope Mercy House would let him back into their program and that he would contact her when he got to his residence to give her the address. She said that he did not contact her again. Officer Whitt testified that the defendant had a problem with "black and white rules."

The defendant testified that he wished to return to rehabilitation. He said that the last time that he went to prison, he was more of a drug addict after he left than before he went into prison. He testified that, while he did not report to his probation officer while he was in rehabilitation, someone at the New Hope Mercy House sent a monthly letter to his probation officer. The defendant further testified that he could not make any income while in rehabilitation, and therefore, he could not pay any costs. He said that he would submit to drug tests at least twice a month because testing that often would provide structure for him and act as a deterrent.

On cross-examination, the defendant stated that he had four felony convictions. He testified that he had been on probation "numerous times" and agreed that he "failed every time," stating that he "was too busy doing drugs." He agreed that he started getting into trouble in 1992 and that he had never paid his costs. The defendant admitted that he used drugs twice while on probation and that he had a verbal fight with someone at New Hope Mercy House.

Ben Maples, Jr., the director of the New Hope Mercy House in Sevierville, Tennessee, testified that the defendant entered the program on August 11, 2010, and did well until October. He said that he was away from the facility when he received a message from the intake coordinator at New Hope Mercy House about the defendant. As a result of that message, he had the defendant evicted. Mr. Maples testified that the intake coordinator received incorrect information about part of the defendant's situation, but he also testified that the defendant would have been suspended because he admitted to using drugs. He said that the proper response should have been to suspend the defendant for two weeks, after which time he would have returned to the program.

The trial court revoked the defendant's probation, stating:

> He's clearly in violation of his probation on several grounds, continued use of controlled substances, not reporting to his probation officer; you know, all the other technical things that I'm not hanging my hat on, but you know, he never paid a penny. He lives where he wants to when he wants to, never worked a day in his life that I can tell.

## Analysis

The defendant contends that the record does not demonstrate that the defendant violated his probation. Specifically, he argues that the probation officer's testimony did not constitute substantive evidence because she was merely reciting the information contained in the probation revocation warrant. The defendant also argues that there was no evidence that he failed to pay costs, that he was required to do community service work, that he failed a drug test, that he failed to prove employment, and that his probation officer tried to visit his home unsuccessfully. He argues that he was incarcerated after his new arrest and could not report it due to incarceration. He contends that revocation of his probation cannot rest on new arrests without proof of new charges or convictions nor can it rest on failure to pay restitution because the trial court did not inquire into the reasons behind his failure to pay costs, fines, and restitution. Finally, he argues that his behavior at New Hope Mercy House should not be the basis for revoking his probation because the director testified that he should have received a two-week suspension rather than eviction.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). A trial court is not required to find that a violation of probation occurred beyond a reasonable doubt. *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Our standard of review on appeal is whether the trial court abused its discretion in finding that a violation of probation occurred. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim.

App. 1991); *see also State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997). The appellate court is obligated to examine the record and determine whether the trial court was presented with sufficient evidence to allow him to make an intelligent decision. *Mitchell*, 810 S.W.2d at 735. In order to conclude that the trial court abused its discretion, there must be no substantial evidence to support the determination of the trial court. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this case, the trial court had more than sufficient evidence to make an intelligent decision about whether to revoke the defendant's probation based solely on the defendant's testimony, disregarding all other testimony presented at the hearing. The defendant admitted that he had failed a drug test and that he had used drugs twice while in court-ordered rehabilitation. Furthermore, the defendant admitted that he had violated probation every time he had been placed on probation previously. Even assuming *arguendo* that the defendant is correct about the paucity of evidence, his own testimony was sufficient to support the trial court's decision to revoke his probation. Therefore, we conclude that the trial court did not abuse its discretion. The defendant is without relief in this matter.

## Conclusion

Based on the foregoing reasons, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE