IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2015

**STATE OF TENNESSEE v. JAMES CAULEY**

**Appeal from the Circuit Court for Rutherford County**
**Nos. F55903, F55904, F55905     David M. Bragg, Judge**

---

**No. M2014-00973-CCA-R3-CD - Filed May 12, 2015**

---

In 2005 Defendant, James Cauley, pled guilty to felony possession of less than 0.5 gram of cocaine, felony evading arrest, possession of contraband in a penal institution, and felony failure to appear. Pursuant to a negotiated plea agreement, Defendant received an effective sentence of nine years to be served on probation, and other pending charges were dismissed. In November 2012, a violation of probation warrant was issued. Additional amendments to the warrant were issued in January 2013, April 2013, and September 2013. At a hearing in October 2013, Defendant admitted that he had violated probation as alleged in the warrants. Defendant asserted he was entitled to jail credit for time he served in a federal prison while he was on state probation. The matter was continued to allow Defendant the opportunity to file a brief in support of his argument. Another hearing was held in February 2014, and the trial court ordered the effective sentence to be served by incarceration. Defendant appeals, arguing that the trial court erred by ordering him to serve the entire nine-year sentence at a time when he had less than one year remaining on probation and without giving him credit for the time he spent in federal custody. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Mark L. Kent, Murfreesboro, Tennessee, for the appellant, James Cauley.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The appellate record in this case shows the following chronological list of pertinent events:

(1)     After being placed on probation to serve the effective nine-year sentence on August 17, 2005, Defendant was served with a probation violation warrant in April 2006. He was incarcerated 26 days on this probation violation warrant and was released and reinstated to his original probation sentence on April 27, 2006.

(2)     A new probation violation warrant was issued in June 2006, and amended violation warrants were issued in July 2006 and August 2006. Neither the June 2006 violation warrant nor either of the amendments to that warrant are included in the record. Defendant's counsel stated at the first hearing that these probation violation warrants "are in the file," but they were never made exhibits.

(3)     On November 28, 2011, the June, July, and August 2006 probation violation warrants were dismissed by the trial court's summary dismissal in an order wherein it is handwritten that, "Defendant is in federal custody and shall remain for the next year. The Defendant[']s VOPs are hereby dismissed without costs."

(4)     Defendant was taken into custody by federal authorities in August 2006 awaiting disposition of federal charges. He pled guilty to federal charges on August 28, 2007, and received a sentence of 113 months' incarceration.

(5)     Defendant was transferred from a federal holding facility in Nashville to a federal prison in Indiana on September 7, 2007. The State had filed a "Writ of Habeas Corpus" to have Defendant transferred from Nashville to Rutherford County in order to address the pending probation violation warrants from June, July, and August 2006. This writ was filed by the State on September 6, 2007. There is nothing in the record to indicate the disposition of the writ or whether it was served.

(6)     At the probation revocation proceedings, Defendant's counsel announced in open court that Defendant was on bond for the June

2

and July 2006 probation violation warrants at the time he was taken into federal custody on August 15, 2006. Defendant's counsel also announced, regarding the August 2006 probation violation warrant, it "[does] not show a return," i.e., it had not been served on Defendant prior to the time he was taken into federal custody.

(7)    Defendant was released from federal incarceration in March 2012 and thereupon resumed serving his state probation on the 2005 convictions.

(8)    The probation violation warrant issued in November 2012, and the three amendments thereto which are the subject of this appeal were for violations that occurred *after* Defendant had been released from federal incarceration and had resumed state probation.

No witness testified at either hearing in the trial court, and the only exhibit was the federal court judgment.

## Analysis

In his brief on appeal, Defendant asserts that his rights to due process guaranteed in Art. I, § 9 of the Constitution of Tennessee were violated when the trial court dismissed, without Defendant being present, the violation of probation warrants issued in June, July, and August 2006. Defendant argues that the provision of Art. 1, § 9 which states "in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel" prohibited the State from dismissing the warrants when he was not present because of his incarceration in a federal penitentiary in Indiana. The crux of Defendant's argument is that the dismissal prevented him from having the opportunity to persuade the trial court to allow his revoked state sentence to be served concurrently with his federal sentence.

Defendant concedes in his brief that there is no case law or statute which supports his interpretation of Art. I, § 9. We can find no authority to support his position. Accordingly, Defendant is not entitled to relief on this issue.

Defendant also argues that is was "fundamentally unfair" for the trial court to order him to serve the entire nine-year sentence by incarceration as a result of the violations of his probation. T.C.A. § 40-35-310(a) provides in part that the trial court has the power to "revoke and annul" the suspension of any probated sentence "at *any* time within the maximum time that was directed and ordered by the court for the suspension" after properly proceeding to determine whether grounds exist to revoke probation.

3

T.C.A. § 40-35-308(c) provides that "[n]otwithstanding the actual sentence imposed, at the conclusion of a probation violation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." The Sentencing Commission Comments to this sub-section state that it addresses a situation "where a defendant violates his or her probation near the end of the term and, instead of ordering complete incarceration, a trial court *might desire* to extend the defendant's period probation supervision." T.C.A. § 40-35-308, Sentencing Comm. Comments (emphasis added).

Upon a finding by a preponderance of the evidence that a defendant has violated the terms of his probation, the trial court is authorized to order the defendant to serve his original sentence in confinement. T.C.A. § 40-35-310(a). Defendant admitted that he had violated the terms of his probation, including his failure to report to his probation officer as directed. He previously violated probation in 2006 and served 26 days of incarceration before being placed back on probation. In the middle of his probation period, he was convicted of federal charges and served over 5 years in a federal penitentiary. Within a few months of being released from federal custody and being placed back on state probation, he again violated conditions of his probation.

This court reviews a trial court's decision regarding revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997)(citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Thus the evidence must only show that the trial court exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995). This standard of review applies to both the finding of grounds that probation has been violated and the disposition once a violation has been determined. The wording of the comments to T.C.A. § 40-35-308(c), that a trial court "might desire" to extend probation up to two years rather than order incarceration shows that such disposition is within the sound discretion of the trial court.

Defendant's conduct during the period of time he was on state probation between 2005 and when probation was revoked in 2013 clearly shows that the trial court did not abuse its discretion by revoking probation and ordering the sentence to be served by probation. Defendant asserts he was compelled to agree to what was referred to as "the language" when he was placed back on probation after being incarcerated for 26 days pending disposition of a violation warrant in 2006. Defendant states "the language" was an agreement that he made to forego any further probation upon a finding of a future violation of probation. A document containing "the language" is not in the appellate record. Furthermore, the trial court did not rely on "the language" in making its ruling.

4

Having concluded that Defendant is not entitled to relief, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE